# Miller, Appellant, *v.* Cockins.

*Equity—Equity practice—Failure of trial court to find facts—Remanding case.*

It is not the duty of the Supreme Court originally to find the facts in an equity case. If the trial judge fails to find the facts from conflicting testimony when it is possible for him to do so, the case will be remanded that the facts may be found in accordance with the equity rules. The Supreme Court will not consider a mere summary of the statements of the several witnesses as proper findings of fact.

Argued Feb. 27, 1911. Appeal, No. 15, Oct. T., 1911, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1909, No. 1,139, dismissing bill in equity in case of Adelaide Miller Blick and Horace J. Miller v. James M. Cockins et al. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Case remanded.

Bill in equity to declare a trust ex maleficio. Before SHAFER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Joseph N. Ulman* and *John S. Ferguson,* for appellant.

*Samuel S. Mehard,* with him *Harvey A. Miller* and *Louis J. Burger,* for appellees.

OPINION BY MR. JUSTICE STEWART, April 24, 1911:

The bill in this case was to have the defendant declared a trustee ex maleficio with respect to certain property devised and bequeathed to him by his wife upon an alleged parol agreement made by him with his wife, and for an injunction restraining the defendant from disposing of the property. The answer specifically denied that any such agreement had been made, and traversed every material allegation in the bill. The plaintiffs were accordingly put to their proofs. The evidence they adduced related wholly and exclusively to admissions alleged to have been made by the defendant immediately after his wife's death, some before her final interment, and some within a day or two thereafter. The testimony relied on to establish these came from the plaintiffs themselves, the husband of one of them, and one witness not identified in interest. The defendant alone testified in contradiction. It is not open to question that the admissions testified to by Mrs. Blick and her husband as having been made by the defendant, were so many clear, distinct and

unqualified acknowledgments that the will, though on its face an absolute devise and bequest to the defendant, was so made with the understanding and agreement between testatrix and defendant, that defendant was to have but a life estate therein, and that upon his death the property was to go to these appellants as next of kin. The testimony of Horace J. Miller, who was present at some of the conversations, while not so explicit and circumstantial as that of Blick and his wife, is corroborative in its .main features, and if believed makes largely for plaintiff's contention. As much is to be said of the testimony of Samuel J. Harman, Esq., an attorney, who testified to a certain conversation with the defendant in his office in Baltimore. There was nothing material in the testimony of any of these witnesses that was not as distinctly and unqualifiedly denied by the defendant. The case resolved itself into a question as to which side was to be believed. Had the learned chancellor met and decided this issue, however much we might have been inclined to a contrary view, we would have given his conclusions the effect of a verdict, except as clear error appeared, because of his better opportunity, from having the witnesses before him, of judging of their credibility. But this he has not done. What are apparently intended as the findings of fact in the case, until we reach the seventh, are but so many concise statements of what the several witnesses testified to. The seventh is the only finding, and even that is rather an evasion than a finding. It is as follows: ''We have thus stated the substance of the testimony, for the reason that the nature and character of the evidence in a case of this kind appears to be a substantive fact. We are somewhat at a loss to determine from the evidence thus given precisely what did happen as to the declarations and writings relied on by the plaintiffs. We have no difficulty, however, in finding as a fact and we do find, that Mr. Cockins when he told the plaintiffs of his wife making a will of all her property in his favor, said to them substantially that his wife had reposed great confidence

in him; that she had expressed to him the wish that he would see that her next of kin got the property after his death, and that he had told her that he would see to it that they got it; but he did not say or mean to say that the will was made by her upon any such promise or condition, but merely that after the will was made and she had told him of it, the request and promise had been made as stated." Precisely what did happen with respect to the declaration and writings relied upon by the plaintiffs, was just what it was the duty of the chancellor to find. We fail to understand why he was at a loss to determine it. The evidence was ample, and it was simply a question of preponderance of proof. If the case presented any unusual or difficult features, we have not discovered them. If a finding of fact by a chancellor is to be allowed the conclusiveness of a verdict, it must have the characteristics of a verdict; it must speak the truth where the truth has been hidden or concealed by conflicting testimony. Here the truth with respect to this controversy was with one side or the other; not partly with one and partly with the other. The alleged admissions were either made or they were not made. There is no middle ground; for mistake or misunderstanding was not pretended. The failure to find with respect to these admissions is not relieved by what follows in this finding. What precedes cannot be regarded as the finding of any fact; it is at best an epitome in paragraphs of testimony on one side and the other, and too brief for a correct understanding of the case. As there given, it shows a single, sharp and clearly defined issue of fact with regard to which one side must be speaking the truth and the other falsehood. There is no possible escape from this, and yet we have a conclusion by the chancellor in the latter part of this seventh paragraph which the testimony on neither side, so far as he cites it, will support. For all that there appears, this finding could well be regarded as a purely arbitrary conclusion. It may be that there can be found somewhere in the record that which fully justified it; but it is not for us to search through

the testimony to find upon what it rests. Findings by a chancellor should vindicate themselves to the extent at least of showing a sufficient basis of fact. If there is any evidence in this case warranting a finding that if defendant did make the admissions testified against him, he did not mean what he said, it should appear and be made the subject of a special finding. If the four witnesses who testified for the plaintiffs are to be wholly discredited, with respect to the one vital point, and credited with respect to everything leading up to it, and the defendant himself, the only witness per contra, is to be credited with respect to the vital point, but discredited as to everything else, all of which is necessarily involved in this finding, we are entitled to know what considerations influenced the mind of the chancellor in reaching such result; otherwise, the burden of original inquiry is imposed on this court. We express no opinion whatever as to the merits of the controversy, and in so far as we have recited any of the details of it, our only purpose has been to make clear the necessity for fuller and more specific findings, with the considerations on which they are rested. The clear admission of the chancellor that he was at a loss to find precisely what happened in the conversation between the parties, renders his conclusions on the merits of the case of little value; besides, it imposes on us a duty which in the first instance is not ours, but which must be performed by some one before just conclusions can be reached. For the reasons stated, we have concluded to remand this record for fuller and more specific findings in accordance with the rules of equity practice, either side to have the right to file exceptions thereto sec. reg. It is accordingly so ordered.