# Kime, Appellant, *v.* Tobyhanna Creek Ice Company.

*Contracts—Parol contracts—Sealed instrument—Extension by parol—Measure of proof—Pleading and practice.*

1. The word parol is used to distinguish contracts which are made verbally or in writing not under seal, from those which are under seal.

2. An agreement under seal may be extended by parol, and the

evidence necessary to prove such parol extension need not be clear, precise and indubitable, nor must there be two witnesses or one witness and corroborating circumstances, as in the case of reforming a written instrument.

3. Where in such case, however, the pleadings clearly show that the plaintiff relied upon a renewal in writing endorsed upon the back of a sealed instrument, he cannot at the trial attempt to rely upon a subsequent oral renewal, there being no indication in his pleadings that any such renewal had been made.

*Contracts—Action for breach—Breach by plaintiff.*

4. Where plaintiff sued defendant to recover damages for breach of a contract to sell and deliver ice, and it appeared by the terms of the written instrument that the defendant might cancel the same at any time if plaintiff should become in arrears in his payments, and it was shown by evidence which was uncontradicted that the plaintiff had become in arrears and there was nothing to show any waiver of the agreement in this regard, the parties were bound by their covenant, and the action of the lower court in entering judgment for defendant n. o. v. was correct.

Argued February 26, 1913. Appeal, No. 20, Jan. T., 1913, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1908, No. 1356, for defendant n. o. v. in case of Bert Kime v. Tobyhanna Creek Ice Co. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover damages for breach of written contract. Before A. W. JOHNSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,368.99. The court subsequently on motion entered judgment for defendant n. o. v. Plaintiff appealed.

*A. A. Vosburg,* with him *John F. Murphy,* for appellant.—It is well settled that a judgment of this kind should be entered only in cases where binding instructions to the jury would have been proper at the trial: Hardoncourt v. Iron Co., 225 Pa. 379; Dalmas v. Kem-

ble, 215 Pa. 410; Eardley v. Keeling, 10 Pa. Superior
Ct. 339; American Telegraph Co. v. Lennig, 139 Pa.
594; Grambs v. Lynch, 4 Penny. 243; Reno v. Moss, 120
Pa. 49; Patterson v. Dushane, 115 Pa. 334; Menner v.
Canal Co., 7 Pa. Superior Ct. 135.

This was not a case of the reformation of a written
instrument, but of an agreement partly in writing and
partly verbal: Home Building & Loan Assn. v. Kil-
patrick, 140 Pa. 405; Mead v. White, 8 Atl. Repr. 913;
Wolf v. Wolf, 158 Pa. 621; Shaeffer v. Sensenig, 182 Pa.
634; Miller v. Stem, 2 Pa. 286; Watterson v. R. R. Co.,
74 Pa. 208.

*Samuel B. Price,* with him *H. C. Reynolds, Cole B.
Price* and *John H. Price,* for appellee.—The rule in
Pennsylvania is that where parol evidence is adduced
contradicting or varying the terms of a written instru-
ment, and it is denied by the oath of the defendant, such
parol evidence must not only be clear, precise and in-
dubitable, but there must be at least two witnesses, or
one witness and corroborating circumstances equivalent
to a witness: Phillips v. Meily, 106 Pa. 536; Jackson v.
Payne, 114 Pa. 67; VanVoorhis v. Rea, 153 Pa. 19; Hal-
berstadt v. Bannan, 149 Pa. 51; Mifflin County Nat.
Bank v. Thompson, 144 Pa. 393; Dickson v. Hartman
Mfg. Co., 179 Pa. 343; Wyckoff v. Ferree, 168 Pa. 261;
Philadelphia and Delaware Co. Ry. Co. v. Conway, 177
Pa. 364; Perkiomen R. R. Co. v. Bromer, 217 Pa. 263;
Thomas v. Loose, 114 Pa. 35.

OPINION BY MR. JUSTICE ELKIN, March 17, 1913:

We agree with learned counsel for appellant that the
contract relied on to sustain a recovery in the present
case could be renewed by parol. Nothing contained in
the contract required the renewal to be in writing, and
even if the contract did so provide, it would not neces-
sarily follow that the writing should be of such a char-
acter as to make the agreement a specialty and not one

by parol. In this connection it is pertinent to remark that the word parol is used to distinguish contracts which are made verbally, or in writing not under seal, from those which are under seal. The original agreement was under seal, but the renewal in writing endorsed on the back of it was not under seal, and there was nothing in the contract which required it to be under seal, or indeed which made it necessary to be in writing at all. The written election to renew was nothing more than a parol agreement to extend the original contract for the year 1905. Under the facts of the present case we cannot agree that the burden was on appellant to prove the parol agreement by at least two witnesses, or one witness and corroborating circumstances equivalent to another witness. In this respect the learned court below held plaintiff to a standard of proof higher than was required. This is not the kind of a case which requires parol evidence to be clear, precise and indubitable, and makes it necessary in order to reform written instruments to produce two witnesses, or one witness and corroborating circumstances. If this were the only question in the case it would be necessary to reverse the judgment. As we read the testimony in connection with the pleadings it seems clear that plaintiff relied on the renewal in writing signed December 31, 1904, and this renewal only extended the original contract to cover the year 1905. It is true counsel argue that on the afternoon of the day when the renewal in writing was signed appellant notified appellee of his election to extend the contract for the years 1905 and 1906, but the testimony does not sustain this contention. Kime says he went back in the afternoon to inquire whether the writing extended the contract for the two-year period. He did not testify that independently of the writing he gave any verbal notice at that time of his election to extend the contract. His testimony shows that he relied on the writing to sustain his position, but the writing only extended his contract for one year, as

to which year there is no dispute. It seems perfectly clear that as to what occurred on December 31, 1904, the parties were only bound for the year 1905. We do not mean to say that there could not have been a renewal during the year 1905 for the year 1906. There is some testimony on the part of Kime to the effect that in the early part of 1906 he attempted to renew the contract. This testimony is vague and indefinite, and to say the least it is doubtful, whether it could be deemed sufficient, either to renew the old contract or to establish a new agreement. But without reference to the sufficiency of this testimony, it only need be said for the purposes of the present case, that no such renewal or agreement was averred in the pleadings. In the statement of claim plaintiff relied on the averment that he "notified the said defendant prior to January 1, 1905, of his purpose" to renew the original contract for two years. He did not aver that he had exercised his right of election at any other time. Parties are always bound by their pleadings and it is apparent from this record that at the time suit was brought plaintiff relied upon the renewal prior to January 1, 1905. The renewal, or independent agreement now set up, is evidently an after thought.

The right of appellant to recover is met with another difficulty which as we view the record has not been overcome. The original agreement contained the following clause: "Prompt payment is a material consideration inducing this contract. If second party fails to perform its agreement (that is make prompt payment), then the first party may, at its option, without notice to second party and without liability for damage to second party, decline to ship without prejudice to its legal rights hereunder, and this when and so often as such default occurs, and whether it be the first or any subsequent default, and whether previous default may have been waived or not." The testimony is undisputed that at the end of the year 1905 and in the beginning of 1906 appellant was in arrears for ice purchased in

sums amounting to several hundred dollars. At the trial defendant produced witnesses who testified that this was the reason the ice company refused to furnish ice to appellant for the year 1906. This was a valid reason under the terms of the contract, and appellant did not undertake to show that this covenant of their agreement was waived by the course of dealing between the parties. In the absence of a waiver, either express or implied, the parties were bound by their covenant, and aside from all other questions, this defense is sufficient to defeat a recovery under the facts of the present case.

We are, therefore, constrained to hold that the plaintiff has failed to sustain his action although in some respects there was error in the instructions to the jury and in the reasons given in entering judgment non obstante veredicto.

Judgment affirmed.