## Wenclawiak v. Sieracki et ux., Appellants.

*Equity—Specific performance—Tenancy by entireties—Denial by wife of execution of agreement of sale—Burden of proof—Evidence.*

1. Where a husband and wife own real estate by entireties, and the wife denies that she executed with the husband an agreement to sell it, the vendee, on bill for specific performance, has the burden of proof to show by credible evidence that the wife signed the agreement.

2. In such case the degree and quality of proof required will be the same as in any ordinary issue of fact, and not that required by one who, admitting the execution of a written agreement, sets up a collateral independent ground for repudiating it.

*Appeals—Equity—Findings of fact—Duty of lower court.*

3. Where the lower court has set aside a chancellor's findings of fact, without either substituting its own findings or sending the case back to the chancellor for the purpose of making new findings, the appellate court has no other course than to return the record for reconsideration and proper formal findings.

4. In such case, the higher court is entitled to know what considerations influenced the mind of the chancellor in making his findings, or, if the findings are reversed, what considerations of fact and law influenced the court in banc to that end.

Argued January 6, 1925.  Appeal, No. 202, Jan. T., 1925, by defendants, from decree of C. P. No. 1, Phila. Co., Jan. T., 1923, No. 3615, sustaining exceptions to adjudication of chancellor, in case of Joseph Wenclawiak v. Albert Sieracki et ux.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Reversed.

Bill for specific performance.  Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Exceptions to adjudication sustained and decree for specific performance entered.  Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Wm. H. Pease,* for appellants.

PER CURIAM, January 26, 1925:

This appeal involves a bill to enforce a contract for the sale of real estate.  The chancellor stated, in the adjudication, the conclusion of law that "the burden of proof rests on plaintiff to sustain by credible evidence all the allegations contained in his bill which are denied by the answers of defendants."  He also found the following facts:  (1) That defendants held the legal title to the real estate in controversy as tenants by entireties; (2) that one of the defendants, Maryanna Sieracki, the wife of Albert Sieracki, codefendant, had not executed the agreement or the receipt thereon, or the written extension of such agreement, which plaintiff sought to have specifically performed.  The chancellor, therefore, ordered the bill dismissed; but the court in banc, sustaining exceptions, said: "The sole question to be decided by the trial judge was whether defendant Maryanna Sieracki signed the written agreement alleged to have been executed by her.  The agreement cannot be impeached except by clear, precise and indubitable evidence, and, upon a review......of the testimony produced, we feel

that there is sufficient corroboration of plaintiff's testimony and such contradiction in the testimony produced on behalf of defendants to sustain......exceptions to the findings of facts and conclusions of law, [therefore they] are set aside." A decree for specific performance was entered, and defendants have appealed.

The court below erred in overruling the conclusion of the chancellor as to the burden of proof. So far as establishing the execution or the nonexecution of the papers in controversy is concerned, the degree and quality of proof required would be the same as in any ordinary issue of fact, and not that required of one who, admitting the execution of a written document, sets up a collateral and independent ground for repudiating it in whole or in part: Gibson v. Railroad Co., 164 Pa. 143, 149-50; see also Kime v. Tobyhanna Creek Ice Co., 240 Pa. 61, 64. The court below, having sustained the exceptions under a mistake of law as to the proper rule of evidence applicable in the premises, and having thus set aside the chancellor's findings of fact, without either substituting its own findings or sending the case back to the chancellor for the purpose of making new findings, there is naught for us to do but return the record to it for reconsideration and proper formal findings, the latter to be made in view of the appropriate rule of law on the subject of proof, as here stated.

Under the new equity rules, the court below is not obliged to answer specifically each request, but may make its findings of fact and state its conclusions of law in its own language: Rule 67. This rule requires, however, that the chancellor shall "discuss the law and the facts in the form of an opinion," to be filed with the adjudication; and, here, as the facts are to found on conflicting evidence, by weighing the testimony, "we are entitled to know what considerations influence the mind of the chancellor" in making his findings, or, if the findings are revised, what considerations of fact and

law influence the court in banc to that end: Miller v. Cockins, 231 Pa. 449, 453.

The decree is set aside and the record remitted to the court below to proceed as above indicated; costs to await the final determination of the case.