Brozgal, Appellant, *v.* Brozgal.

Argued November 9, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent.)

*Wray G. Zelt III,* with him *Zelt & Zelt,* for appellant.

*Myron B. Markel,* with him *Markel, Markel, Levenson & Schafer,* for appellee.

OPINION BY CERCONE, J., December 13, 1971:

This is an appeal by the wife-plaintiff from an order of support for herself and four children in the amount

of $700 per month, she contending that said amount is inadequate in view of their needs, accustomed standard of living, and the husband's income.

The husband-appellee, on the other hand, contends that the amount of $700 was reasonable and fair in view of his reduced income, his personal and business expenses, and expenses incurred in behalf of his wife and children.

Unfortunately, however, we cannot determine whether the court's order is in error for its opinion in support of that order does not include the mathematics employed by the court in rendering its conclusion. The opinion indicates the husband's earning power to be based on vague testimony. As to the husband's *net* income, the court merely states: "The defendant is a self-employed psychologist. Plaintiff testified that her husband, Dr. Brozgal, earned a gross figure of $34,000.00 in 1970. The defendant testified that out of that amount, his net income is actually $10,000.00 to $15,000.00 less or that he actually averages approximately $2,000.00 a month in take home earnings. This net figure was not refuted by the plaintiff and was accepted by this Court." The court makes no references to the expenses it found properly deductible in a consideration of the husband's net income available for the support of his wife and children.

It is the duty of the court below to present to this court a statement of the facts as found by it upon which it bases the conclusion reached and from which the appeal has been taken. Without a statement as to the figures upon which the determination of defendant's net income was based, we cannot determine whether or not it abused its discretion in the matter by the entry of a $700 support order. It is not the duty of this court to study the record for a determination of the facts upon which the lower court's order may have

been based.  See *Miller v. Cockins,* 231 Pa. 449 at 453 (1911).  It is the duty of the lower court in the first instance to give to us its findings in the matter so that we may determine the correctness of its decision.

We therefore remand the case for the taking of such further testimony as may be necessary for the parties to establish the controlling figures of income and expenses, after which the court below will enter an appropriate order of support and file an opinion stating its findings as to the governing figures of income and expenses upon which it has based its order.