# Rhymer *v.* Fretz, Appellant.

*Nuisance—Public nuisance—Parties—Equity.*

A public nuisance cannot be suppressed or enjoined at the suit of a private individual unless he has sustained some damage or injury which is clearly special to himself, and apart from that which the general public has sustained.

A private citizen cannot maintain a bill in equity to enjoin the enlarging of a frame building immediately opposite his residence, where the bill itself discloses that the neighborhood is of a residential character,

that the erection of the building would endanger the property in the vicinity from fire, and that the uses for which it was intended would deprive plaintiff and his neighbors from the full enjoyment and proper use of their property. In such a case the plaintiff to sustain his bill must allege an injury special to himself.

Argued March 27, 1903. Appeal, No. 350, Jan. T., 1902, by defendant, from decree of C. P. No. 1, Phila. Co., June T., 1902, No. 4511, on bill in equity in case of James L. Rhymer *v.* Tobias L. Fretz. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction. Before BREGY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*George E. Nitzsche,* with him *George F. Deiser,* for appellant.—If a nuisance, it must be either a public nuisance or a private one. Private citizens cannot come into a court of equity with a bill to restrain a public nuisance without averring special damages: Philadelphia & Gray's Ferry Pass. Ry v. Philadelphia, 2 W N. C. 639; S. C., 11 Phila. 358; Rhea v. Forsyth, 37 Pa. 503; Hieskell v. Gross, 7 Phila. 317.

*James S. Clifford,* for appellee, presented no paper-book.

OPINION BY MR. JUSTICE MESTREZAT, May 18, 1903:

James L. Rhymer, the plaintiff, owns and resides on the premises at No. 1732 North Front street, in the city of Philadelphia. Pursuant to an ordinance of the select and common councils of the city, approved November 8, 1892, granting him permission, Tobias L. Fretz, the defendant, erected a frame building to be used for religious purposes, on the lots at Nos. 1731 and 1733 North Front street, directly opposite the premises and residence of the plaintiff. By a subsequent ordinance, approved February 18, 1901, the ordinance of November 8, 1892, was amended so as to authorize Fretz to enlarge the frame building he had erected. After the defendant had begun the work, authorized by the amended ordinance, the plaintiff filed this bill against him as superintendent of Gospel Mission, 1731 and 1733

North Front street, to restrain him "from continuing the erection upon said premises of said frame structure." The bill avers that "since the erection of the original frame building upon the premises the Gospel Mission has been the resort of disreputable characters who congregate in the neighborhood and are a nuisance to the peace and safety of this neighborhood, various acts of nuisances have been committed within the past six months, and the frame structure has been partially diverted from its high religious purpose by the maintenance of a saw-mill and wood yard, and for the purpose of operating the same, a boiler and engine are used." The reason assigned for the relief prayed for is found in the seventh paragraph of the bill and is "that the erection of said frame structure and the uses to which it is being put, viz: the working of a sawmill and wood yard and the operating of a steam boiler and engine will jeopardize the safety and endanger property in this vicinity from fire, and by reason thereof, together with the unlawful gathering of persons in the neighborhood will deprive himself (the plaintiff) and his neighbors of the full enjoyment and proper use of their property and home." The court below entered a decree "that a permanent injunction issue restraining the defendant from erecting the building authorized by the ordinance of 1901." The entry of this decree is the subject of the sixth assignment of error.

It is well settled law that a public nuisance cannot be suppressed or enjoined at the suit of a private individual unless he has sustained some damage or injury which is clearly special to himself and apart from that which the general public sustains. Mr. Wood in his work on Nuisances, section 646 (3d ed.), citing numerous authorities to sustain the text, states the rule as follows: "An individual, in order to be entitled to a recovery for injuries sustained from a public nuisance, must make out a clear case of special damages to himself, apart from the rest of the public, and of a different character, so that they cannot fairly be said to be a part of the common injury resulting therefrom. It is not enough that he has sustained more damage than another; it must be of a different character, special, and apart from that which the public in general sustain, and not such as is common to every person who exercises the right that is injured." In Mechling v. Kittanning Bridge Co.,

1 Grant, 416, LOWRIE, J., speaking for this court, said : " Private citizens have no right of action, either in law or equity, for the suppression of a public nuisance, unless on averring and proving some special damage to themselves. . . . For a nuisance that is merely a public wrong, only a public action can be brought, and that must be done by the proper public functionaries."

Applying this rule to the facts averred in the bill it is clear that the court below could not give the plaintiff the relief he seeks. His only complaint is that the erection of the building and the uses to which it will be put " will jeopardize the safety and endanger property in this vicinity from fire, and by reason thereof, together with the unlawful gathering of persons in the neighborhood, will deprive himself and his neighbors of the full enjoyment and proper use of their property and home." In this averment there is no allegation that by the construction and use of the building the plaintiff will sustain any damage special to himself, or that his property will be subjected to any other or greater danger than that of his neighbor. The danger from fire and the deprivation of the enjoyment and use of property are, therefore, as alleged in the bill, common to all the property and persons residing in the vicinity of the proposed structure. The anticipated injury or damage to the property of the plaintiff by the erection of the building will be the same in character and degree as 'that which will result to the property of every other person in the neighborhood. In fact there would be greater danger to the property on the same side of the street and immediately adjacent to the Mission building than to the residence of the plaintiff. As appears from the bill this " is a residential neighborhood of valuable private houses," and hence, the property in the entire neighborhood, being of the same character, will be jeopardized to the same extent and degree as that of the plaintiff which is his private residence. This is a fact not only averred in the bill but found by the learned trial judge in his fourth finding of fact as follows : ' " That the erection of a frame building in the location authorized by the ordinance of councils would increase the danger of fire to the residences and other buildings in the immediate neighborhood, including that of the plaintiff."

We are of opinion that the bill avers no facts showing any

danger or injury likely to result from the erection of the proposed structure which is special to the plaintiff and not common to all the property owners in the vicinity, and that, therefore, it was error to grant the injunction at the instance of the plaintiff restraining the defendant from erecting the building.

The sixth assignment of error is sustained, the decree is reversed, and it is ordered that the bill be dismissed at the cost of the appellee.