Commonwealth ex rel. *v.* Soboleski et ux.,
Appellants.

Argued January 13, 1931. Before Frazer, C. J.,
Walling, Simpson, Kephart, Sadler, Schaffer and
Maxey, JJ.

*Dennis A. O'Neill,* with him *John L. DuBois,* for appellants.

*W. H. Satterthwaite,* of *Bunting & Satterthwaite,*
with him *A. L. Edwards,* Deputy Attorney General, and
*Wm. A. Schnader,* Attorney General, for appellee.

Per Curiam, February 2, 1931:

Defendants appeal from a writ of injunction issued by the court below "commanding them......to abate the nuisance......of keeping and maintaining a piggery upon their premises in [Warrington] Township, Bucks County,......in the manner said piggery has been maintained; and that the said defendants be restrained from conducting or maintaining a piggery on said premises contrary to the provisions of law and the regulations of the department of health of this Commonwealth." The opinion of the court below cites a number of respects in which the alleged nuisance fails to comply with the sanitary regulations of the department of health.

Defendants contend, first, that their piggery is not a common nuisance and that violation of the rules of the department of health does not make it such; and, second, that inasmuch as the decree declares the manner of conducting their business to be in violation of the law and of regulations of the department of health, the penalties prescribed by the Act of April 17, 1927, P. L. 154, amending section 16 of the Act of April 27, 1905, P. L. 312, creating the department, are the only penalties that can be decreed against them.

There is evidence in the record to sustain the finding by the court below that the pens constituted a public nuisance. They were found to be so located as to contaminate the waters of a brook running through the property and emptying into Pennypack Creek, constituting a danger "prejudicially affecting" the waters of that creek, which are "pumped and sold to the public" for use for domestic and other purposes, and that due care was not used by defendants to prevent the breeding of flies and vermin and the dissemination of odors offensive to the neighborhood arising from the pens and enclosures, which contain constantly from 550 to 750 pigs. These findings show the piggery as maintained by defendants to be in violation of the regulations of the de-

partment of health, and render it subject to abatement as a public nuisance.

The Act of April 22, 1905, P. L. 260, plainly declares that "No person......shall place, or permit to be placed, or discharge or permit to flow into any of the waters of the State any sewage...... For the purpose of this act, sewage shall be defined as any substance that contains any of the waste products or excrementitious or other discharges from the bodies of......animals." In Com. v. Kennedy, 240 Pa. 214, 220-21, we said, "Because the public health is endangered by drainage of sewage into any flowing stream, the legislature has denounced it as an offense on the part of any one permitting it. In no more positive way could it be declared a public nuisance...... It is not to be denied that the Supreme Court and the several courts of common pleas have jurisdiction to restrain public nuisances under certain circumstances...... The mere fact that there is a remedy at law by indictment or action will not alone prevent the exercise of the power." The Act of June 16, 1836, P. L. 784, 789, 790, as extended by the Act of February 14, 1857, P. L. 39, provides that the courts of common pleas shall have the jurisdiction and powers of a court of chancery so far as relates to "the prevention or restraint of the commission or continuance of acts contrary to law and prejudicial to the interests of the community or the rights of individuals." The Act of April 27, 1905, P. L. 312, as amended, does not abridge the jurisdiction so given. As stated above, the decree of the court below is amply sustained by the evidence.

The decree of the court below is affirmed at appellants' costs.