Boggs *v.* Werner, Appellant.

Argued November 18, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*John Duggan, Jr.,* with him *Alvin J. Porsche,* for appellant.

*A. J. Rosenbleet,* with him *Robert E. Woodside,* Attorney General, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 7, 1953:

This appeal questions the jurisdiction of the Court of Common Pleas of Allegheny County, sitting in equity, to restrain defendant from illegal practice of dentistry and to punish by fine his contemptuous repetition of such practice in defiance of the restraining order.

The suit was instituted by five members of the dental profession, appearing in their individual capacities and on behalf of the Committee on Unauthorized Practice of Dentistry of the Odontological Society of Western Pennsylvania. The learned court below found as facts that defendant "has maintained . . . a prosthetic laboratory . . . at which place he makes artificial dentures, bridgework and kindred appliances as prosthetist," that he "never has been a registered licensed dentist. . .," and that on various occasions he took impressions of the mouths of patients and personally fit

and adjusted in their mouths dentures which he had made. Such personal treatment of patients can legally be performed only by a licensed dentist.

On April 20, 1943, the court below filed the above findings of fact and entered a decree nisi permanently enjoining defendant "from practicing dentistry, and from fitting, or attempting to fit, or furnishing or repairing for persons other than registered dentists, artificial teeth, crowns, bridges, prosthetic work or appliances." No exceptions were filed and no appeal was taken from the order dated June 15, 1943, by which the court made final the said decree nisi. On April 21, 1944, defendant was adjudged in contempt because of further illegal practice of dentistry and paid a fine of $1,000.00 and costs. On May 12, 1950, the court below issued a rule to show cause why defendant should not be punished for a new act of contempt. A bill of particulars and answer thereto were filed and hearing had, at which testimony was presented to establish that defendant was again engaging in the prohibited practices. The present appeal was taken from an order of court entered on January 22, 1952, imposing a fine of $100.00. Appellant does not question the finding of the court below that he again engaged in illegal practice of dentistry but contends that the original restraining order of June 15, 1943, is a nullity because the court of equity was without jurisdiction.

Practice of the dental profession in this Commonwealth is regulated by the Act of May 1, 1933, P. L. 216, as amended by the Act of April 30, 1937, P. L. 554, 63 PS 120 et seq. Section 1 of that Act (63 PS 129) provides, *inter alia*: "Any person violating any of the provisions of this section, or any other provisions of this act, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars, or to suffer

imprisonment not exceeding six months, or both, in the discretion of the court." Appellant argues that the penalty so provided is the exclusive method for enforcing this statute and that equity has no jurisdiction to restrain the performance of acts prohibited by the act of assembly. The rule that a statutory remedy must be followed to the exclusion of all others is a familiar one: *Cohen v. Schofield,* 299 Pa. 496, 149 A. 710; *Castle Shannon Coal Corporation v. Upper St. Clair Township,* 370 Pa. 211, 88 A. 2d 56. But it was early decided that the operation of this rule does not deprive equity of its jurisdiction to enjoin a nuisance merely because the Legislature has prescribed criminal penalties for the conduct sought to be enjoined. In *Commonwealth v. Kennedy,* 240 Pa. 214, 87 A. 605, we reversed the order of a chancellor who refused to restrain the pollution of a stream because he was of opinion that the offensive acts, being in violation of a penal statute, could only be attacked by imposing the penalty provided in the statute. We there quoted (p. 220) the following language from *Bunnell's Appeal,* 69 Pa. 59: " 'It is not to be denied that the Supreme Court and the several Courts of the Common Pleas have jurisdiction to restrain public nuisances, under certain circumstances. . . . The mere fact that there is a remedy at law by indictment or action will not alone prevent the exercise of the power. . . .' " In *Commonwealth v. Soboleski,* 303 Pa. 53, 153 A. 898, we affirmed the order of a chancellor enjoining the operation of a piggery in violation of the Act of April 27, 1905, P. L. 312, as amended by the Act of April 7, 1927, P. L. 154, although that act prescribed penalties for the operation so enjoined.

The reason for permitting this apparent duality of remedy is well-stated in *Commonwealth v. James J. Cochran Post No. 251,* 350 Pa. 111, 38 A. 2d 250, at

p. 117: "It must be understood . . . that when the court enjoins . . . a common nuisance, it does not thereby punish the persons responsible for the crime, even though the conduct enjoined be a crime. If the persons restrained fail to obey the injunctive decree they may be punished. Again, however, the punishment is meted out not for the criminal offense but rather for the failure to obey the order of the court. . . ." The learned chancellor, whose opinion we adopted as our own, then proceeded to illustrate the greater efficacy of the equitable remedy which operates *in futuro* to settle the rights of contending parties for an indefinite period of time, unlike a criminal indictment which will lie only for accomplished acts.

Nor is this salutary rule affected by the following provision of the criminal code to which appellant has referred: "In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by the penal provisions of any act of assembly, the direction of said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act into effect. (Act of June 24, 1939, P. L. 872, sec. 1104, 18 PS 5104) This provision of the penal code must be read in conjunction with section 1102 (18 PS 5102) which provides: "The provisions of this act shall not affect any civil rights or remedies now existing by virtue of the common or statute law."

Considering these two sections of the code together, we entertain no doubt that by section 1104 the Legislature intended only to say that no *criminal prosecution* authorized by the common law would hereafter lie involving any matter which was the subject of a penal statute. There was clearly no intent to limit the

*equity jurisdiction* of the courts of common pleas. Cf. *Boyd v. Smith,* 372 Pa. 306, 94 A. 2d 44.

Aside from the question of the exclusiveness of the statutory remedy, there is ample precedent for the chancellor's conclusion that the illegal practice of a profession is a proper subject of equitable jurisdiction. We have sustained the actions of chancellors imposing restraint on illegal practice of: (a) law—*Childs v. Smeltzer,* 315 Pa. 9, 171 A. 883, and *Shortz v. Farrell,* 327 Pa. 81, 193 A. 20; (b) optometry—*Neill v. Gimbel Brothers, Inc.,* 330 Pa. 213, 199 A. 178; and (c) medicine—*Palmer v. O'Hara, Secretary of Welfare,* 359 Pa. 213, 58 A. 2d 574. In the case last cited, Mr. Justice JONES said for the court at p. 227: "Equity's jurisdiction under the Act of June 16, 1836, P. L. 784, 17 PS §41, as amended, to restrain the Secretary of Welfare for the Commonwealth from condoning and encouraging the practice of medicine by persons not licensed under the Medical Practice Act of 1911, as in the instant case, is neither questioned nor open to question. The jurisdiction is invokable on the complaint of a duly licensed member of the profession unlawfully so invaded: Harris v. State Board of Optometrical Examiners, 287 Pa. 531, 534, 135 A. 237. And, that is so notwithstanding a penal remedy is provided for the redress of the offense: . . ." No valid reason can be found for treating the dental profession differently from those enumerated above.

Appellant has argued as a separate question his constitutional right to trial by jury, but this question is necessarily answered by our decision that equity has jurisdiction. It requires no citation of authority to establish that equitable causes may be decided by a chancellor without the intervention of a jury.

Order affirmed at appellant's cost.