## Stiles *v*. Stiles, Appellant.

Argued September 28, 1959. Before BELL, MUS-MANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Abraham J. Levy*, with him *Dash and Levy*, for appellants.

*Samuel Marx*, with him *John E. Walsh, Jr.*, for appellee.

OPINION BY MR. JUSTICE McBRIDE, November 9, 1959:

This appeal challenges equitable jurisdiction of the Court of Common Pleas of Philadelphia County. The plaintiff, Joseph H. Stiles, owns and operates the John E. Stiles & Son funeral directing business, 1415-17 E. Susquehanna Avenue, Philadelphia. Defendant, John E. Stiles, plaintiff's brother, formerly owned a ½ interest in said business which was operated as a partnership by the brothers from February 11, 1957 to June 30, 1958. On the latter date John's[1] interest in this business was purchased by Joseph.[2] Defendant, H. Reynolds Gerrish, also a licensed funeral di-

---

[1] We refer to the parties by their given names only for convenience.

[2] The two brothers are funeral directors currently licensed by the State Board of Funeral Directors. For the purposes of this appeal it is admitted that John is licensed for the year 1959. This license runs from February 1, 1959 to January 31, 1960. In the light of the disposition we make of this matter it is unnecessary for us to determine whether, on the state of the pleadings, he was a validly licensed funeral director from June 30, 1958 to February 1, 1959.

rector, operates a funeral establishment in Philadelphia at 2358-60 East Susquehanna Avenue.

Joseph alleged that he purchased John's interest in the family business on June 30, 1958 and that despite this John has continued to act in competition with him in violation of law and contrary to the regulations of the Board.[3] As a result of these illegal activities Joseph averred he has sustained and will continue to sustain irreparable loss in his funeral directing business. He requested the court below to enjoin both defendants from continuance of this illegal conduct; to order them to desist from acting in association as funeral directors; for an account of profits allegedly lost by him from business which he claims would otherwise have been his; and for an award of damages. The court below dismissed defendants' preliminary objections raising the question of jurisdiction.

Plaintiff relies on the Act of January 14, 1951 (1952), P. L. 1898, §1 et seq., 63 P.S. §479.1 et seq., known as the Funeral Director Law. That Act establishes a system of licensure and regulation for the prac-

---

[3] The complaint alleges that John (1) has been conducting a funeral directing business from his private residence, 1421 East Susquehanna Avenue, Philadelphia; (2) has signed death certificates using his residence address in connection therewith, such address not having been approved as a funeral directing establishment by the State Board of Funeral Directors; (3) has advertised illegally in the Philadelphia telephone directory as a funeral director, his place of business being listed as his private residence; (4) has conspired with defendant Gerrish to conduct funerals at Gerrish's establishment, and that the death certificates were unlawfully signed by Gerrish; (5) that the State Board of Funeral Directors specifically forbade these illegal practices and took action to bring about their termination, but that defendants have continued to disregard the Board's directions and to circumvent the prohibitions imposed upon their activities by the Board and, in violation of the Board's directives, have been "pirating" plaintiff's business.

tice of funeral directing in the Commonwealth of Pennsylvania and designates the State Board of Funeral Directors as the agency to administer the Act. Section 12 provides as follows: ". . . Any association of funeral directors or any person having an interest may, by an action in equity, obtain an injunction to prevent the illegal operation of a person, firm, corporation or establishment in violation of law or the regulations of the board. For such purposes, the court of common pleas of the county where the violations occur or where the defendant may be served shall have jurisdiction."

It is plaintiff's contention that the court below has jurisdiction of this matter in view of the provision quoted above. Defendants contend, however, that the term "illegal operation", contained in the above quoted section of the Act, must be interpreted as applying only to the practice of the profession by one not licensed as distinguished from a licensed person acting improperly. In support of this contention defendants cite *Boggs v. Werner*, 372 Pa. 312, 94 A. 2d 50; *Snyder v. Oestreich*, 9 Pa. D. & C. 2d 92; and *Felix v. Wax*, 13 Pa. D. & C. 2d 600.

The *Boggs* case, supra, involved only the alleged improper activities of an unlicensed defendant. The statute in that case, an act regulating the practice of dentistry, did not have a specific provision conferring equitable jurisdiction to enjoin illegal operation. That case does not hold that such illegal operations are *exclusively* those of unlicensed persons. In the *Snyder* case, supra, the court was presented with an issue similar to that in the case at bar. Plaintiff sought an injunction against a licensed optometrist for practicing in an unlawful manner and contrary to the Optometry Law (Act of March 30, 1917, P. L. 21, as amended, 63 P.S. §231 et seq.). Section 15 of the Optometry Law, Act of March 30, 1917, supra, provides: ". . . it

being intended that this act shall furnish a complete and exclusive system, of and in itself, . . . for the regulation of the practice of optometry therein." The common pleas court dismissed the action for lack of jurisdiction holding that as to licensed optometrists the statute vested exclusive jurisdiction in the State Board of Optometry and that it contemplated equity jurisdiction only in cases involving unlicensed persons. That case is not determinative here, however, in the light of the differences between the Optometry Law and the Funeral Director Law.

The statute involved in *Felix v. Wax*, 13 Pa. D. & C. 2d 600, also does not provide for a specific equitable remedy as in the case at bar. In each case it is the specific regulating legislation which must control. This was expressly recognized by the courts in both the *Snyder* and *Felix* cases. In *Snyder*, the court said: "It appears to us that the *scheme of regulation enacted here* gives the licensing board exclusive authority over charges against licensed persons and that it contemplates the exercise of equity jurisdiction only over unlicensed persons." (Emphasis supplied)

We conclude that the Funeral Director Law, Act of January 14, 1951, supra, has conferred jurisdiction on courts of equity to enjoin "illegal operation" both by licensed as well as unlicensed persons. The disparity in application, which defendants contend will be the result of conferring jurisdiction on the various county courts, is primarily a legislative question. The facts alleged in the complaint contradict their contention that plaintiff has not exhausted his remedies before the State Board of Funeral Directors. There exists no adequate remedy at law for the reason that plaintiff has alleged continuing violations of the statute and regulations of the Board. To deny plaintiff equitable relief in such a situation would be to involve

him in a multiplicity of suits for his remedy. *Boggs v. Werner,* 372 Pa. 312, 94 A. 2d 50.

Orders affirmed; costs on appellants.