GREINER, P. J.,
— Appellant was charged with violating the Borough of Ridgway Ordinance no. 320, amended by ordinance no. 343, secs. 3(j) and 3(k), passed, adopted and enacted March 19, 1956. The pertinent sections make it unlawful:
“(j) To erect, keep or maintain within any structures, including but not being limited to, pens or runs in which are housed, kept or confined any dog or dogs, regardless of age if any part of said structures is less than a minimum distance of twenty (20') feet from any adjoining property line, and
“(k) To keep and maintain within the Borough any structures, including but not being limited to, pens or runs in which are housed, kept or confined any dog or dogs regardless of age, and regardless of the distance between any part of said structures, pens or runs and property or street line, in which there exists any offensive or unwholesome matter of any kind, which is the source of any unwholesome condition and/or offensive odors for the traveling public and adjoining property owners.”
After hearing before Justice of the Peace Harry C. Law, he was found guilty of violating section 3(j) and not guilty as to section 3(k). From this finding he appeals, challenging the legality of the arbitrary 20-foot distance rule.
By stipulation and agreement of the borough solicitor and defense counsel, the matter was submitted to the court on the record and, therefore, no hearing was held nor testimony received. On this state of the record we must accept as a fact that appellant was maintain *394 ing a dog pen or run within less than 20 feet from the adjoining property line of the complaining neighbors. Thus, the only issue for determination is whether such a prohibition is a valid and legal exercise of the general health and welfare powers granted to boroughs by the legislature.
Section 1202(6) of the Borough Code of February 1, 1966, P. L. (1965) 1656, 53 PS §46202, vests the corporate authorities with power “to make such regulations as may be necessary for the health, safety, morals, general welfare and cleanliness and the beauty, convenience, comfort and safety of the borough.” A most comprehensive review of the law relating to the exercise of such power was made by the late Judge Joseph L. Trambley in his opinion filed in the case of Commonwealth of Pennsylvania and The Borough of Ridgway v. John Bove, in the Court of Quarter Sessions of Elk County, Pa. to September sessions 1956, no. 22. Although we are not bound by the facts of that case, we are bound by the basic and underlying principles of law set forth therein as established by our appellate courts.
“ ‘Specifically, under the general welfare clause, or by virtue of a general grant of power . . . municipal corporations are authorized to enact appropriate and reasonable ordinances, ... to abate nuisances and regulate various kinds of occupations that may become nuisances or detrimental to the public health;’ [McQuillin’s Municipal Corporations 2nd ed. sec. 950, p. 116, as quoted in Adams v. New Kensington, 357 Pa. 557, 563]. ‘By the organization of a city or borough within its borders, the state imparts to its creature, the municipality, the powers necessary to the performance of its functions, and to the protection of its citizens in their persons and property. The police power is one of these. Ordinances of cities and *395 boroughs, passed in the legitimate exercise of this power, are therefore valid.’ [Sayre Borough v. Phillips, 148 Pa. 482, 488, as quoted in Adams v. New Kensington, supra, at pages 564-564] ‘Of course, any restriction imposed by such an ordinance on the use of property must be reasonably conductive to the safety, health, morals or general welfare of the public, for the exercise of the police power is always subject to judicial review and a law based upon it must not be patently beyond the necessities of the case but must bear some rational relation to the end to be attained’: [quoted from Adams v. New Kensington, supra, at page 564]” Samuels et al. v. City of Beaver Falls, 5 D. & C. 2d 500, 506, 507; Bryan v. City of Chester, 212 Pa. 259, 61 Atl. 894; Manorville Borough v. Flenner, 286 Pa. 103, 133 Atl. 30 (affirming 87 Pa. Superior Ct. 84); White’s Appeal, 287 Pa. 259, 134 Atl. 409; Harris v. State Board of Optometrical Examiners, 287 Pa. 531, 536, 135 Atl. 237, 239; Commonwealth v. Zasloff, 338 Pa. 457, 460, 13 A. 2d 67, 69. See also Everett v. Harron, 380 Pa. 123, 110 A. 2d 383; Duquesne Light Company v. Upper St. Clair Township, 377 Pa. 323, 105 A. 2d 287; Boggs v. Werner, 372 Pa. 312, 94 A. 2d 50.
While the tribunal which determines the proper exercise of this power is in the first instance the legislature, the ultimate decision rests with the courts. If, after investigating, there is a doubt as to whether the statute is enacted for a recognized police object, or if, conceding its purpose, its exercise goes too far, it then becomes the judicial duty to declare the given exercise of the police power invalid: White’s Appeal, 287 Pa. 259, 264; Nolan v. Jones, 263 Pa. 124, 127; Miller v. Los Angeles, 195 Cal. 477, 234 Pac. 381; Walls v. Midland Carbon Company 254 U. S. 300.
*396 The power of judicial investigation does not concern itself with the wisdom of the policy emanating from the legislative branch, or whether the best of all possible means of achieving the desired result has been selected. It is concerned only with the questions of whether the statute has a recognized police purpose, and whether it has a reasonable relation to be attained: White’s Appeal, supra.
In 66 C. J. S. sec. 32, it is stated:
“The mere possession or keeping of dogs, or the maintenance of a dog kennel, does not constitute a nuisance, or a nuisance per se, since it is a lawful business. The question whether the keeping of dogs, or the maintenance of a dog kennel, constitutes a nuisance depends on the circumstances, extent of annoyance and discomfort caused, and whether there is a continuous or recurring injury. Thus, the keeping of dogs or the maintenance of a dog kennel may constitute a nuisance, as for instance, where dogs are kept in an unsanitary manner to the annoyance and discomfort of the neighborhood. Furthermore, the keeping of dogs, or the maintenance of a dog kennel, may constitute a nuisance if it is done in a residential locality and the noise made by the dogs disturbs the neighborhood, since the noise made by dogs, by barking and howling, may amount to a nuisance . . .”
From the foregoing, we conclude that it is a question of fact to be judicially determined after hearing held, whether or not the keeping of dog or dogs within a certain location is a nuisance or not a nuisance, and that it cannot be arbitrarily stated by the borough council or the court that the maintenance of a dog kennel, pen or run in which are housed, kept or confined any dog or dogs within less than 20 feet from an adjoining property line does constitute a prohibi *397 five nuisance. One dog housed 20 or more feet from an adjoining property line could very easily be a greater nuisance to the neighborhood and general public than several dogs housed within less than 20 feet. Each case depends upon its own specific circumstances.
It must be emphasized that the justice of the peace having dismissed the charges with respect to “offensive or unwholesome matter of any kind,” this court does not have such issue before it. However, as indicated above, if the circumstances under which the subject structure, pen or run (and/or dog or dogs) is maintained are such as to warrant further prosecution under section 3(k) or any other legal redress, the alleged offender cannot hide behind the justice’s initial finding nor this court’s declaration that section 3(j) is not a valid exercise of the borough’s police, health and general welfare powers.
It is regrettable that all too often those who demand the last ounce of enjoyment of their own private property are willfully and flagrantly blind to the coexistent right of peaceful enjoyment by their fellowmen.
For the following reasons we make the following:
ORDER
Now, April 21, 1971, the appeal of defendant is sustained, the judgment and sentence of the justice of the peace is set aside, and bond filed by defendant to secure fine and costs is hereby discharged. Costs to be paid by the Borough of Ridgway.