**West Mount Airy Neighbors, Inc. v.
Cottman Transmission**

*Jerome R. Balka,* for plaintiff.
*Alvin M. Chanin,* for defendant.

SPORKIN, J., October 23, 1974.—West Mount Airy Neighbors, Inc. (plaintiffs) instituted this equity action to enjoin Cottman Transmission (defendant) from parking vehicles on the sidewalk abutting its property and from parking vehicles it is servicing on the abutting streets.[1] Defendant is an auto servicing establishment located at 7070 Lincoln Drive, and plaintiff is an association comprised of neighbors from the general vicinity of defendant's operation.

At the hearing before this court, plaintiff presented testimony to the effect that when more cars are brought in to defendant than can be properly stored on its premises, defendant parks the "excess" cars on the abutting sidewalk and on the surrounding

---

[1] Plaintiff lists defendant as Cottman Transmission in the complaint and as Cottman Transmissions in its brief. There has been no motion to amend the caption. Defendant calls itself Cottman Transmissions in its answer and Cottman Transmission in its brief, We, therefore, shall adopt the appellation of defendant, stated in the complaint, as Cottman Transmission.

streets. Defendant presented no contrary evidence, but rested on the assertion that plaintiff lacks standing to prosecute this suit. Upon consideration of the testimony adduced, of the briefs and arguments of counsel, the complaint will be dismissed without prejudice to the right of plaintiff, upon a showing of compliance with the requirements of the Act of May 3, 1927, P. L. 515, sec. 1, 17 PS §305, discussed, infra, to renew its prayer for relief from the alleged *side-walk* obstruction by defendant.

It is well settled as a general principle of law that "a public nuisance cannot be suppressed or enjoined at the suit of a private individual unless he has sustained some damage or injury which is clearly special to himself and apart from that which the general public sustains . . . '[Such a plaintiff] must make out a clear case of special damages to himself, apart from the rest of the public, and of a different character, so that they cannot fairly be said to be a part of the common injury resulting therefrom.' ": Rhymer v. Fretz, 206 Pa. 230, 232, 55 Atl. 959 (1903). See also Pa. S.P.C.A. v. Bravo Enterprises, 428 Pa. 350, 237 A. 2d 342 (1968).

As stated by plaintiff in its brief, the infringement by defendant on its members' rights is "in the nature of a blockage of the easement which they possess as pedestrians to a free and unencumbered use of the public sidewalk adjacent to defendant's property, and also of highways that are free of obstruction to traffic." These rights are those which are reserved to plaintiff's members as a part of the general public, and do not amount to a "special" injury to the individual members or to their property. Thus, the complaint alleges that the mode of operation adopted by defendant constitutes a *"public"* rather than a "private" nuisance, which allegations plaintiff does not usually

have standing to pursue in its capacity as an organization of private citizens.[2]

Nor can we accept the argument by plaintiff that it *has* met the Rhymer burden of showing "special" damage or injury. Plaintiff urges that such a showing arises from the fact that plaintiff "is composed of residents of the area in which the acts complained of occur. These residents use the sidewalks and highways of the area much more frequently than nonresidents. Thus, they are more likely to be injured . . ." This theory was rejected, though, in Rhymer:

" 'It is not enough that he has sustained more damage than another; it must be of a different *character*, special, and apart from that which the public in general sustain, *and not such as is common to every person who exercises the right that is injured*,' ": Id., at 232. (Emphasis supplied).

Our own research, however, discloses a relevant exception to the general rule, outlined above, barring suit by a private individual or group to enjoin a public nuisance, absent a showing of special harm. The Act of May 3, 1927, P. L. 515, sec. 1, 17 PS §305, provides that:

---

[2] We have also reviewed Boggs v. Werner, 372 Pa. 312, 94 A. 2d 50 (1953); Neill v. Gimbel Bros., Inc., 330 Pa. 213, 199 Atl. 178 (1938); Shortz v. Farrell, 327 Pa. 81, 193 Atl. 20 (1937), and Childs v. Smeltzer, 315 Pa. 9, 171 Atl. 883 (1934), cited by plaintiff as authority for its contention that it has standing here to sue, but we do not agree that the cases support its position. These cases deal with complaints by individual practioners and/or professional associations against defendants accused of practicing law (Shortz and Childs), optometry (Neill), and dentistry (Boggs). In none the cases was the standing issue raised or discussed, and all of the decisions predated the ruling, in Bravo, supra, that a group of private citizens does *not* generally have standing to sue to enjoin a purely public nuisance. Thus, Boggs, Neill, Shortz and Childs are neither relevant nor controlling here.

"The courts of common pleas of the several counties of this Commonwealth, in addition to the powers and jurisdictions heretofore possessed and exercised, shall have the jurisdiction and powers of a court of chancery, so far as relates to the prevention, restraint, and abatement of encroachments on public sidewalks in front of residence, churches, hotels, apartment houses, or retail stores contrary to law and prejudicial to the interests of the community, upon the complaint of any municipality or any citizen thereof, alleging injury thereby, *without regard to whether or not such citizen has suffered damage or injury which is special to himself*, where the said municipality has failed or refused to institute action for the prevention or restraint of such encroachments . . . within thirty days after written notice thereof to such municipality by or on behalf of such citizen." (Emphasis supplied).

The act has been explained by our appellate courts as a lifting by the legislature of the Rhymer restriction on the standing of a private citizen to bring suit to enjoin a purely public nuisance; 46 S. 52nd St. Corp. v. Manlin, 398 Pa. 304, 310, 157 A. 2d 381 (1960). Despite the additional equity powers ceded to the courts by the act, however, a complaint must still demonstrate that the municipality was given 30 days written notice and failed or refused to act. This, plaintiff has failed to show here. For these reasons, as stated heretofore, the prayer of plaintiff for abatement of the alleged obstruction by defendant of the *sidewalks* abutting defendant's establishment will be dismissed without prejudice to the right of plaintiff to renew that prayer upon a showing by it of compliance with the act.

Further, the act does not relieve those standing restrictions with respect to suits by private citizens to abate obstruction of *streets or highways*: Miller

v. Butterworth, 31 Westmoreland 5 (1949). Thus, having failed to show that it is suffering damage thereby, special unto itself, plaintiff is without standing to pursue its prayer for relief from the alleged obstruction by defendant of the *streets* in its neighborhood, and that portion of the complaint will be dismissed.

Accordingly, in light of the foregoing discussion, we issue the following:

## CONCLUSIONS OF LAW

1. Obstruction, by a commercial establishment, of streets surrounding it, is in the nature of a public nuisance, and a private citizen has no standing to enjoin same, absent a showing of harm thereby special unto himself.

2. Obstruction, by a commercial establishment of the sidewalks abutting it is in the nature of a public nuisance, and a private citizen who has failed to show special harm to himself thereby is without standing to sue in equity to abate such nuisance, unless he has shown a failure or refusal to act by the municipality after 30 days written notice by, or on behalf of, that citizen.

3. Plaintiff, West Mount Airy Neighbors, Inc., is without standing to sue for equitable relief from alleged obstruction by defendant, Cottman Transmission, of the streets surrounding, and the sidewalks abutting the premises of defendant, in that plaintiff has failed to show either that it was specially harmed thereby or, with respect to the sidewalk complaint, that the City of Philadelphia failed or refused to act after 30 days notice by or on behalf of plaintiff.

## DECREE NISI

1. The portion of the complaint of plaintiff, West Mount Airy Neighbors, Inc., alleging that defendant, Cottman Transmission, has obstructed the streets surrounding defendant's premises, and seeking relief therefrom, is dismissed due to lack of standing of plaintiff to sue.

2. The portion of the said complaint, alleging obstruction by defendant of the sidewalk abutting its premises is dismissed due to lack of standing of plaintiff to sue at this time, but such dismissal is without prejudice to the right of plaintiff to renew this portion of its complaint in the event that the municipality should fail or refuse to act, after 30 days written notice by, or on behalf of, plaintiff.

3. The prothonotary is directed to notify all parties of the filing of this decree nisi and if no exceptions are filed pursuant to Pennsylvania Rule of Civil Procedure 1518 within 20 days of the filing of the adjudication in this action, this decree nisi shall be entered by the prothonotary as the final decree, in accordance with Pennsylvania Rule of Civil Procedure 1519.