## Condominium Council of 220 West Rittenhouse Square v. West 18th Street Corp.

*Nathan Posener*, for plaintiffs.
*Theodore Rosenfeld*, for defendant.

GREENBERG, *J.*, July 29, 1977—Plaintiffs, Condominium Council of 220 West Rittenhouse Square, and John W. Penrod and Ruth Rossheim, residents of 220 West Rittenhouse Square, commenced this action in equity against defendant, West 18th Street Corp., the developer of a proposed apartment building located at 210 West Rittenhouse Square and situated adjacent to plaintiffs' building. Since no response was made to plaintiffs' complaint, we accept as true and set forth herein the well-pleaded facts offered in the complaint.

Pursuant to a building permit issued defendant to construct an apartment building at 210 West Rittenhouse Square, defendant received a permit from the Department of Streets of the City of Philadelphia on March 27, 1974, to close a portion of the sidewalk in front of 210 West Rittenhouse Square "during construction work, beginning immediately and continuing for a period of eighteen (18) months," provided, inter alia, "[a] minimum of seven (7) feet must be maintained, at all times, for pedestrian travel." The aforesaid permit was issued "subject to any other authorization that may be required." The term of the permit was later extended through April 10, 1978.

In April of 1974, defendant applied for and received from the Department of Licenses and Inspections a building permit for the construction of a sidewalk shelter platform for a period of 12 months, in order that pedestrian traffic would not be entirely curtailed while the sidewalk was closed off.

In spite of these preliminary measures undertaken by defendant, however, no passageway of any kind was erected until late January of 1976. At that time a five-foot wide wooden passageway was constructed, but problems which soon developed with it decreased the availability and usefulness of the walkway to the next-door residents of 220 West Rittenhouse Square. As a result, this court entertained plaintiffs' application for temporary injunctive relief, and by consent of the parties entered an order on September 28, 1976, requiring defendant, inter alia, to provide a new five-foot walkway utilizing the bed of the street for its foundation with railings on either side. Maintenance of the five-foot wide section of the street bed was expressly made the obligation of defendant. The parties were given leave to re-apply to the court for additional or supplemental relief after the passage of six months, should same become necessary.

On June 6, 1977, plaintiffs filed a petition and motion for supplemental temporary injunctive relief, alleging that defendant has failed to properly maintain the bed of the street, thereby rendering the existing passageway hazardous and occasionally impassable.

Testimony heard upon the petition established that the level of the street bed is irregular and that depressions and rises appear throughout the passageway. This condition causes water to accumulate on the floor of the passageway up to a depth of two inches in particular areas, and so restricts its use as to occasionally cause the residents of 220 West Rittenhouse Square to walk in the unprotected street in order to pass in front of defendant's adjacent lot. The resulting inconvenience and danger is heightened by the passageway's lack of

illumination or signs to alert the frequently congested motor vehicle traffic of its presence. Plaintiffs now ask the court to declare the existing passageway a nuisance, and further seek a decree from this court requiring defendant to construct a concrete sidewalk suitable for pedestrian travel in order to abate the said nuisance.

We find the evidence demonstrates that the passageway constructed by defendant clearly interferes and is hazardous to pedestrian travel, and therefore constitutes a public nuisance. See West Mount Airy Neighbors, Inc. v. Cottman Transmission, 67 D. & C. 2d 530 (1974). Generally, a public nuisance may be enjoined by a private citizen or group of citizens only if the latter is specifically injured by the public nuisance over and above the injury suffered by the public generally: Pa. S.P.C.A. v. Bravo Enterprises, 428 Pa. 350, 237 A. 2d 342 (1968). Thus, it has been said that "a public nuisance cannot be suppressed or enjoined at the suit of a private individual unless he has sustained some damage or injury which is clearly special to himself and apart from that which the general public sustains." Rhymer v. Fretz, 206 Pa. 230, 232, 55 Atl. 959 (1903).

Defendant asserts that this issue of standing must be resolved against plaintiffs under West Mt. Airy Neighbors, Inc. v. Cottman Transmission, supra. However, that case involved a plea to enjoin the parking of motor vehicles on the sidewalk abutting defendant's property by "neighbors from the general vicinity of defendant's operation." Id. at 531. The relationship of plaintiffs to defendant in the instant case is much more direct, and the impact of the nuisance more immediate and substantial. Plaintiffs are adjoining property owners who

must routinely pass in front of 210 West Rittenhouse Square in order to have ingress and egress from their homes. The deteriorated passageway therefore poses a daily threat to them, as opposed to the intermittent danger and incovenience caused to pedestrians in general who utilize the passageway less regularly. Thus, the character of the injury suffered by contiguous property owners of 220 West Rittenhouse Square is clearly "special and apart" from that sustained by the public generally, and affords them standing to bring this action. See Heinl v. Pecher, 330 Pa. 232, 198 Atl. 797 (1938).

Nor are we sympathetic to defendant's argument that maintenance of the street bed is the city's duty. Defendant unequivocally undertook that responsibility pursuant to the consent order of December 28, 1976, and we will not permit it to vouchsafe its obligations thereunder which were knowingly and intelligently entered into.

The permit granted defendant by the city to close the sidewalk was to be effective "during construction." Since there has been no construction on the site of 210 West Rittenhouse Square for some time now, and there exists no definite prospect for the resumption of construction, the municipal permit cannot serve to shield defendant from its lawful responsibilities to abutting property owners. Even were the terms of the permit complied with, this would not foreclose equity from determining whether a nuisance exists and restraining same: Mazeika v. American Oil Co., 383 Pa. 191, 118 A. 2d 142 (1955).

In Bedminster Township v. Vargo Dragway, Inc., 434 Pa. 100, 108, 253 A. 2d 659 (1969), the court, quoting Edmunds v. Duff, 280 Pa. 355, 124 Atl. 489 (1924), said the following: " 'No man has a right to take from another the enjoyment of the reasonable

and essential comforts of life and, consequently, cannot commit acts on his own premises calculated to interfere with the reasonable enjoyment by others of their homes.' " Defendant's actions in closing off the sidewalk in front of 210 West Rittenhouse Square and failing to provide a safe and suitable substitute passageway constitutes an unwarranted interference with plaintiffs' "reasonable enjoyment of their homes," and must therefore be restrained. Since the only practicable method of abating the nuisance appears to be removal of the existing passageway and construction of a concrete sidewalk, defendant is commanded to undertake these measures and complete same within 90 days of the date hereof.

In light of the foregoing discussion, we issue the following

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the subject matter of this action.

2. The existing pedestrian passageway in front of 210 West Rittenhouse Square constitutes a public nuisance.

3. Plaintiffs have standing to request injunctive relief in that they have suffered injury special and apart from that sustained by the general public.

4. Plaintiffs have no adequate remedy at law.

## DECREE NISI

And now, July 29, 1977, for the reasons set forth in the foregoing adjudication, it is ordered and decreed that defendant, West 18th Street Corp., shall abate the nuisance existing in front of 210 West Rittenhouse Square by removing the existing

pedestrian passageway and constructing a concrete sidewalk such as existed on the site prior to 1974. Said removal and construction shall be completed within 90 days of the date of this order.

If no exceptions are filed within ten days of the date hereof, this decree nisi shall be entered by the prothonotary on praecipe as a final decree.