## Citizens of Huntingdon Borough *v.* Huntingdon Water Supply Company, Appellant.

*Equity—Equity practice—Findings of fact—Inadequate findings —Appeals—Reversal.*

In a suit in-equity the court should answer material requests for findings of fact, and should find and state such other facts as are essential and material in entering the decree on the issue raised by the pleadings; and where the court fails to do this, and where the findings are inconsistent with each other and do not support the decree, and important questions of law receive insufficient consideration, the decree will be vacated and the case sent back for a new hearing.

Argued April 19, 1916, Appeal, No. 441, Jan. T., 1915,

by defendant, from decree of C. P. Huntingdon Co., Feb. T., 1913, No. "I," fixing the value of the plant of a water company for the purpose of ascertaining rates to be charged, in case of Citizens of the Borough of Huntingdon, Pa., v. Huntingdon Water Supply Company.　Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.　Decree vacated.

Petition for an inquiry to determine the value of the plant of a water company.　Before WOODS, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing decreed the value of the plant to be $137,061.80.　Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*John G. Johnson,* with him *Samuel I. Spyker* and *John D. Dorris,* for appellant.

*W. M. Henderson,* with him *H. H. Waite* and *William Wallace Chisolm,* for appellees .

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1916:

We think the appellant has just reason to complain that the case was not properly and adequately considered and determined in the court below.　The cause is not entirely with the learned court, and counsel must assume part of the responsibility.　While counsel presented some requests for findings which were not necessary in disposing of the case and encumbered the record with immaterial matter, we think all the facts essential to a decision of the questions raised on the record were not found and stated by the court.　In some instances the learned judge says he is unable to answer the point, in others the answers are inconsistent with other findings, and, in at least one instance, the decree is not sustained by the uncontradicted evidence of a very material fact

which was found by the court. Numerous requests for findings of fact and law, some material to the decision of the case, were presented by both parties, and as the questions raised had not been dealt with in the adjudication the exceptions to the answers were not adequately disposed of by simply entering an order overruling and dismissing them. In addition to the findings of fact by answering the requests of the parties, the learned court should have found and stated such other facts as were essential and material in entering a decree on the issue raised by the pleadings. This was not done, and it is properly complained of by the appellant. The important question of the jurisdiction of the court received but scanty consideration.

The case is important, not only to the parties to this litigation but to the boroughs and water companies similarly situated throughout the State. For this reason, and that the case may be properly considered here, we think it should be heard anew by the trial court before it is disposed of on appeal.

The decree is vacated and set aside, and the record is remitted that the court may hear the case de novo on the testimony already taken and such other competent testimony as the parties may desire to submit.