## Commonwealth ex rel. *v.* Banholzer et ux., Appellants.

Argued May 27, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*Dennis O'Neill,* for appellants.

*Russell J. Brownback,* with him *Henry M. Brownback, Harris C. Arnold,* Assistant Deputy Attorney General, *A. L. Edwards,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 27, 1931:
This appeal is from a decree ordering defendants to abate a public nuisance occasioned by their improper operation of a piggery at Dreshertown, Upper Dublin Township, Montgomery County. After the department of health had instituted this proceeding and an answer had been filed, defendants, on September 30, 1929, entered into a stipulation of record, wherein they agreed within sixty days to comply with the regulations of the department of health regarding the operation and maintenance of their piggery and with other stated conditions, or, if they did not, they agreed that the court should issue an injunction in conformity with the prayer of the bill and they would pay the costs. In this case, as in Lutz v. Department of Health, 304 Pa. 572, the chancellor at first followed an irregular procedure which was of no legal effect because not complying with Equity Rule 67; however, on July 18, 1930, the chancellor filed a correct and regular adjudication. Exceptions were filed to this adjudication and although the court in banc sustained minor objections, those to material findings were dismissed and a decree entered ordering abatement of the nuisance.

In view of the stipulation above mentioned, and the finding of the court that two and one-half months after

the stipulation had been entered into, conditions were unchanged, if not worse than at the time of the original investigation of the department of health had taken place, defendants' breach of the agreement to abate the nuisance within 60 days estops them from now opposing the injunction entered by the court. "A valid stipulation concerning any matters properly before the court acts as an estoppel upon the parties thereto and is conclusive of all matters necessarily included in the stipulation": 36 Cyc. 1292; see also Long's Appeal, 92 Pa. 171, 180.

Furthermore, the case must on its merits be decided against defendants. The facts show that defendants conduct a piggery, where some 360 swine are fed on garbage. Part of the tract on which the pigpens stand drains into a tributary of Wissahickon Creek which indirectly is a source of water supply for the City of Philadelphia. Without detailing all findings of the court below showing the offensive and illegal manner in which defendants conduct their hog ranch, it will be sufficient to say the court found that the public health is endangered through pollution of the above mentioned creek; that garbage on which pigs are fed is so improperly handled that noxious odors continually arise therefrom and these odors, together with "abnormal quantities of flies bred on the premises of the defendants," impair the health and comfort of the community. The court further found the floors are covered with filth, unconsumed garbage is strewn about the pens, a shattered cesspool overflows, defendants are remiss in their cleaning of the swineshelters and in these and other respects have violated the duly-promulgated regulations of the state department of health. It is obvious that under such conditions the injunction should issue: Com. v. Soboleski, 303 Pa. 53. The findings are fully supported by the evidence and will therefore not be disturbed by us: Freedman v. West Hazleton Borough, 297 Pa. 58, 60.

The further arguments advanced by defendants in this case worthy of consideration are disposed of in the opinion in Lutz v. Department of Health, 304 Pa. 572. the preceding case.

The decree of the court below is affirmed; costs to be paid by appellants.