## Lutz, Appellant, *v.* Department of Health et al.

Argued May 27, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Dennis O'Neill* for appellants.—The procedure was wrong and nugatory: Murphy v. Murphy, 85 Pa. Superior Ct. 169.

Proper disposition should be made of requests for findings of fact and conclusions of law that are properly excepted to: Ioska Tribe v. Great Council of Red Men, 98 Pa. Superior Ct. 390; Piper v. Queeney, 282 Pa. 135; Stone v. B. & L. Assn., 293 Pa. 161.

The piggery is not a common or public nuisance: Hamilton v. Fay, 283 Pa. 175; Crick v. Paull, 287 Pa. 431; Lawrence v. King, 299 Pa. 568; Fidelity-Phila. Trust Co. v. Coal Co., 294 Pa. 47; Com. v. Armstrong, 24 Pa. C. C. R. 442; Com. v. Soboleski, 303 Pa. 53.

*Russell J. Brownback,* with him *Henry M. Brownback, Harris C. Arnold,* Assistant Deputy Attorney Gen-

eral, *A. L. Edwards,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee.—Plaintiffs seek to interfere with discretionary acts of executive officers: Hibbs v. Arensberg, 276 Pa. 24; Paris v. Phila.. 63 Pa. Superior Ct. 41; Adams v. Ford, 3 Pa. Superior Ct. 239.

The plaintiff's piggery is a public nuisance: Com. v. Soboleski, 303 Pa. 53; Com. v. Kennedy, 240 Pa. 214; Penna. R. R. Co. v. Coal Co., 281 Pa. 233; Brinton's App., 24 Pa. Dist. 584; Evans v. Fertilizer Co., 160 Pa. 209; Rodenhausen v. Craven, 141 Pa. 546; Paris v. Phila., 63 Pa. Superior Ct. 41; Blue v. Beach, 155 Ind. 122; Lee v. March, 230 Pa. 351.

The decree of the court below was properly entered: Swope v. Snyder, 209 Pa. 352; Schwartz v. Wesoky, 281 Pa. 388; Beatty v. Harris, 205 Pa. 377; Perry v. Sims, 279 Pa. 165.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 27, 1931:

This appeal by plaintiff, Ralph S. Lutz, is from a decree refusing to restrain the secretary of the state department of health, his servants, agents and employees from abating a health nuisance maintained by plaintiff, and assessing the latter with costs.

Plaintiff occupies a tract of about 18½ acres in Jarrettown, Montgomery County, on which he maintains a piggery where between 1,000 and 1,200 swine are kept and fed on garbage procured from the City of Philadelphia and environs. Sandy Run Creek, which flows into Wissahickon Creek, a tributary of the Schuylkill River, an important source of Philadelphia's water supply, drains the land upon which the hogpens rest and flows within two hundred feet of the nearest swineshelter maintained by Lutz. On July 11, 1929, the secretary of health, acting through the local health officer for Montgomery County, served notice upon the plaintiff ordering him "to abate and remove within thirty (30) days a certain nuisance on the above described premises arising

from insanitary piggery, garbage and manure......
which constitutes a violation of rules and regulations of
the department of health, as approved April 4, 1923."
The notice provided that "Failure to comply with this
order will render you liable to a fine, or imprisonment,
or to a lien against said premises for the expense of
abatement by the secretary of health, his agents or
employees, in accordance with the provisions of the Act
of Assembly approved April 27, 1905, and its amend-
ments." The court below found that plaintiff, in the
operation of his hog ranch, violates the rules and regula-
tions duly promulgated by the department of health,
in that, "He deposits upon the surface of his land in
and around the swineshelters and upon the adjacent
ground of his ranch and allows to remain exposed there
unconsumed garbage, manure, decaying matter and or-
ganic waste substances; he places and permits to stay
upon his lands such substances in close proximity to
waters of the State, whereby they may become affected
prejudicially and, in all likelihood, will be polluted; he
has failed to construct the floors of his swineshelters of
concrete or other impervious material and he lets the
lower floors of the enclosures continue in such [unimper-
vious] conditions; he has built his piggery upon marshy
land, on ground subject to overflow and where the pig-
gery can affect prejudicially a water supply; he throws
upon his soil in, about and adjacent to the hogpens and
upon his adjoining land and sanctions the protracted
existence upon the ground of unconsumed garbage and
manure unburied and not sufficiently treated with lime
or other disinfectant, whereby the organic waste becomes
a potent source of excessive fly breeding; and he neglects
to remove daily and dispose of, by burial or incineration,
his unconsumed garbage."

Notwithstanding receipt of the order, plaintiff con-
tinued his violations, and on August 14, 1929, officers
and employees of the department of health entered
upon plaintiff's tract and proceeded to abate the nui-

sance. At this point, Lutz, by his agent, entered into a written agreement with the representative of the health department, whereby he promised to remove sources of the nuisance within 48 hours and bear the costs of such removal. Instead of so doing, plaintiff, two days later, filed this bill to restrain the department from further proceeding against him. The court found that since July 11, 1929, plaintiff has made no effort to improve the conditions of his premises; that the piggery is a menace to public health and is a common nuisance and that the department of health is vested with power to abate the nuisance. The injunction was refused and plaintiff was assessed with the costs. This appeal followed.

Although the present bill, from its very nature, calls for a decision upon the merits rather than upon technical ground, a question of procedure is involved which we will treat briefly. The chancellor at first failed to follow the provision of our Equity Rule 67, which requires that an equity adjudication shall consist of definite and prescribed elements, viz., the pleadings, findings of fact, conclusions of law, a discussion thereof, and a decree nisi. Instead, there was filed what was termed a "decree nisi" on May 16, 1930, unaccompanied by findings of facts or conclusions of law. On May 29, 1930, "findings of fact," were filed and on June 20, 1930, "conclusions of law." The lack of conformity of this procedure to the clear specifications of our Equity Rule 67 rendered these papers less than an adjudication, and accordingly nugatory. Exceptions sustained to these irregular proceedings, accordingly, were also without legal effect. However, on July 11, 1930, the chancellor filed a complete adjudication conforming to Equity Rule 67, and these findings and conclusions alone were considered and made the basis of the decree rendered by the court in banc. This later valid adjudication, as affirmed by the court in banc, is the sole subject for our consideration on this appeal.

Plaintiff contends the action taken by the department of health to abate the nuisance was arbitrary and should consequently be enjoined; no evidence however appears to show an abuse of discretion on the part of defendants. The power of the department of health to act in cases of this character was conferred by the Administrative Code of 1929, P. L. 177, article XXI, section 2102. In this connection we quote with approval what was recently said by the Superior Court in Paris v. Phila., 63 Pa. Superior Ct. 41, 47, 48, a case involving summary abatement of a piggery by a local board of health: "They are vested with quasi-judicial authority to decide upon what constitutes a nuisance, and all presumptions favor their action......A strong abuse of authority must be shown to induce a court to interfere with the decisions of the board of health." No such abuse appears on the record now before us.

We call attention to the fact that the exchange of places on the present record, occasioned by the injunctive proceedings instituted against the department by Lutz, making him plaintiff and the department defendant, does not alter the merits of the case. On the merits, our recent decision in Commonwealth v. Soboleski, 303 Pa. 53, by analogy to the facts of the present case, rules it in law. There, as here, the findings of the court below show "the piggery as maintained by defendants to be in violation of the regulations of the department of health," and since these findings are amply supported by the evidence, the piggery is subject to abatement as a public nuisance. The evidence conclusively shows plaintiff's piggery is filthy. It pollutes a source of public water supply, gives forth offensive odors that disturb the surrounding neighborhood, and breeds flies and pestilence. It is operated in violation of the rules of the state department of health, which are promulgated by statutory authority. It is a menace to the public health and an annoyance to the neighborhood, and consequently a flagrant nuisance that should be abated.

The further arguments advanced by appellant are inconsiderable and call for no discussion.

The decree of the court below refusing the injunction prayed to issue against the state board of health is affirmed; costs to be paid by appellant.