## Niedzielski Estate

*Adam A. Gorski,* for administratrix.

*Edward H. Carney,* for exceptants.

ROBERTS, P. J., May 2, 1955.—Decedent died intestate on February 16, 1954, leaving to survive her, as her sole heirs at law, seven adult children. A daughter, Clara Woldanski, filed a petition for allowance to her of the family exemption. On November 30, 1954, the administratrix filed a first and final account, now before the court for audit. Exceptions have been filed by three daughters of decedent challenging petitioner's

right to the exemption. Exceptions have also been taken to the failure of the fiduciary to account for certain additional assets.

The first exception requires us to determine whether claimant formed a part of the household of decedent at the time of her death. Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, provides that where there is no spouse, "such children as form a part of the decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate," property to the value of $750.

The Fiduciaries Act of June 7, 1917, P. L. 447, provided for the exemption (then $500) to the widow or to the children "forming part of the family of any decedent." The earlier Act of April 14, 1851, P. L. 612, provided that the exemptions (then $300) should be "for the use of the widow and family." Although the early decisions view the exemption as intended to relieve the immediate wants of the widow and children deprived of the support of decedent, later cases depart from the concept of relief as the basis of the exemption and hold that it is immaterial that claimants were not dependent on decedent, or that claimant children were adult or married. Under both earlier acts all that was required was that the family relationship exist between claimant and decedent, in order for claimant to be entitled to the exemption: Henkel's Est., 13 Pa. Superior Ct. 337; Reed's Est., 41 D. & C. 89; Rue Est., 73 D. & C. 110. The report of the Joint State Government Commission points out that the requirement of a family relationship was construed by the courts to mean that children, to be entitled to the exemption, must form a part of decedent's "household", and therefore, that word was used in the 1949 Act. The words "and as a reasonable requirement for support during the settlement of the estate" were

added to secure the benefit of certain deductions for Federal and State tax purposes and did not change the existing law that the age or dependency of the child has no bearing on the right to the exemption. The recent provision giving the right of exemption to a surviving husband and the change of title from "Widow's and Children's Exemption" to "Family Exemption" indicates rather clearly that it was not intended to make dependency a requirement for exemption.

The term "household" is defined in Webster's New International Dictionary as follows: "Those who dwell under the same roof and compose a family; a domestic establishment; family."

The definition given in the New Century Dictionary is: "The inmates of a house collectively; a family, including servants, etc.; a domestic establishment."

These definitions indicate that "household" means a family residing together in one dwelling using common living quarters and facilities under such domestic arrangements and circumstances, as create a single family unit or establishment.

The material facts here are not in controversy but the legal conclusion is disputed. Claimant is a widowed daughter of decedent, who for seven years and at the time of decedent's death lived with her children and decedent in a house owned by claimant. They occupied the first-floor dwelling area consisting of six rooms, some of which were furnished in part with furniture belonging to decedent; the balance of such items were owned by claimant. Claimant was regularly employed and the daily responsibility for running the home was decedent's. She did most of the shopping for the family, prepared and served the meals at a common table and did most of the housework. Household expenses were generally paid by decedent from a common fund to which contributions were made by claimant, decedent

and sometimes by a working grandchild. All used the same household facilities in common just as any ordinary family group occupying a single dwelling.

In our opinion, the facts reveal a household relationship existing between claimant and decedent (at the time of her death) which support the claim to the family exemption. Claimant's right to the exemption is based on the existence of the family relationship and claimant's residence with decedent in a single dwelling at the time of her death. This right is not dependent upon who is the provider, owner or lessee of the premises occupied or who is the dominant factor in the domestic establishment. In our view it is sufficient if child claimant and decedent lived together within one dwelling as members of a domestic unit and as part of the same household. Our conclusion is in harmony with the traditional treatment accorded exemption statutes and gives effect to their purpose. These acts were conceived in a spirit favorable to the family of decedent and have been interpreted to be consistent with that public policy (Hildebrand Est., 262 Pa. 112) and have always been considered according to their spirit rather than to the letter: Bell's Est., 139 Pa. Superior Ct. 11.

The remaining exceptions concern $185 in cash, and five other designated items of personal property, not included by the fiduciary in the inventory or the statement of proposed distribution. Some of the property in question was in the possession of decedent at her death while other items were in the joint possession of decedent and claimant. The testimony offered to establish claimant's ownership of the property is not convincing. Claimant's own testimony seeking to prove her ownership of the property was excluded by us on the ground of her incompetency under the Witness Act of May 23, 1887, P. L. 158, sec. 5(e). We are satisfied from the record that the property which is

the subject of the second and third exceptions, is actually a part of the estate of decedent. These exceptions, therefore, will be sustained.

And now, to wit, May 2, 1955, claimant, Clara Woldanski, being entitled to the family exemption in the amount of $750 under the Fiduciaries Act of 1949, the exception thereto is dismissed. The second and third exceptions are sustained, and Clara Woldanski, administratrix of the estate of Apolonia Niedzielski, is directed to file a supplemental inventory including these additional items of personal property of decedent in her possession and to file an amended statement of proposed distribution, in accordance herewith.