Shank Estate.

Argued April 22, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Donald G. Jewitt,* with him *William A. Welsh,* for appellant.

*Charles R. Shank, Jr.,* administrator, appellee, in propria persona.

OPINION BY MR. JUSTICE EAGEN, May 23, 1960:

This appeal is from a decree of the Orphans' Court of Delaware County dismissing a claim for the family exemption provided for under the Act of April 18, 1949, P. L. 512, §211, 20 PS §320.211, as amended by the Act of February 23, 1956, P. L. 1084, §2.

The pertinent statutory provision is as follows: "The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, *then such children as are members of the same household as the decedent,* may retain or claim as an exemption, either real or personal property, or both, not theretofore sold by the personal representative, to the value of seven hundred and fifty dollars. The surviving husband or wife shall be a competent witness as to all matters pertinent to the issue of forfeiture of the right to the exemption."

The 1956 amendment, supra, was for the purpose of making it clear that a child or spouse living in the same

household as the decedent is entitled to the family exemption regardless of who may be the technical head of the household.

The claimant herein is a son of the decedent. The contestant is another son named to serve as executor of the father's estate. The facts of record were all stipulated. The unassailable fact is that, continuously for upwards of five years prior to his death, the deceased father "made his home with" the claimant. The father during this period paid "board" plus other items, such as the telephone bill which was in the nature of a business expense incident to the carrying out of his duties as plumbing inspector of the township.

The question for decision is whether or not, under the facts presented, the conclusion follows that the claimant was a "member of the same household as the decedent". The lower court concluded that the decedent was merely a boarder in the son's home, that there was an insufficient showing that the decedent was a member of the appellant's household, and dismissed the claim. This was error.

The facts stipulated are controlling and conclusive: *Commonwealth ex rel. v. Banholzer et ux.*, 304 Pa. 578, 156 Atl. 237 (1931). They are to be reasonably construed in the light of the language used, 83 C.J.S., Stipulations §25 (1953). A reasonable definition of the term "household" is set forth in *Niedzielski Estate*, 4 Pa. D. & C. 2d 290, 292 (1955), wherein it was construed to signify "a family residing together in one dwelling using common living quarters and facilities under such domestic arrangements and circumstances, as create a single family unit or establishment." Admittedly, the father "made his home with" his son. To us this means that they shared the house facilities in the same dwelling as a family group. The paying of "board", not uncommon nowadays in even the most

closely knit of family households, indicates that they ate from a common table. Decedent was not a mere "roomer". The circumstance that the father made a contribution to help cover expenses does not weaken the conclusion that a person of such close blood relationship, especially where, as here, it is agreed that the homes of the decedent and the claimant were one and the same, enjoyed the status of being a member of the same household for purposes of the question now presented. There is nothing in the facts stipulated below which is in any wise contrary to the conclusion here reached as to the existence of a domestic unit.

The decree of the court below is reversed. The costs to be paid by the estate.