## Smith v. Perry

*Norman Shigon,* for plaintiff.
*David H. Kubert,* for defendant.

WEINROTT, J., December 14, 1971.—This was an equity case tried before the Hon. Charles A. Waters,

without a jury, on June 21 and 22, 1967. Subsequently, on January 24, 1968, the court entered a finding in favor of plaintiff in the sum of $3,825.12 for commissions due. No findings of fact or conclusions of law were filed. See Pennsylvania Rule of Civil Procedure 1517.

Thereafter, the Supreme Court of Pennsylvania promulgated new rules of civil procedure effective September 1, 1969, which, for practical purposes, eliminated the necessity of filing formal findings of fact and conclusions of law. Subsequently, Judge Waters retired from the bench and argument was heard by the court en banc without Waters, J., upon exceptions filed by defendant.

For reasons which appear hereafter, we believe that a new trial must be ordered in the interest of justice.

Under the old practice, the findings of fact and conclusions of law on which the decree was based were the elements necessary to sustain the decree: Jones v. Weir, 213 Pa. 135, 62 Atl. 643; Atlas Portland Cement Co. v. American Brick & Clay Co. et al., 280 Pa. 449, 124 Atl. 650; Hoffman v. Kline et al., 300 Pa. 485, 150 Atl. 889. See also Huntingdon Borough Citizens v. Huntingdon Water Supply Co., 255 Pa. 45, 99 Atl. 174, and Lutz v. Department of Health et al., 304 Pa. 572, 156 Atl. 235.

In ordering a new trial, we are not unaware that where a court has previously filed a nugatory adjudication and a decree nisi because of noncompliance with the rules a subsequent complete adjudication filed in accordance with the rules which is made the basis of the decree reached by the court en banc is valid: See Lutz v. Department of Health, supra.

We have searched the record exhaustively, however, and cannot reconcile the award with the testimony and believe that the trial judge's reasons should

have been stated of record as to what motivated his adjudication. It is apparent that he reconciled various conflicting testimony, and it is he who had the opportunity of viewing the demeanor and ascertaining the credibility of the witnesses.

Where the facts are found on conflicting evidence by weighing the testimony, an appellate court is entitled to know from a discussion of the law and facts in the form of an opinion what considerations influenced the mind of the court in making its findings, or if the findings are revised, what considerations of fact and law influenced the court en banc to that end: Wenclawiak v. Sieracki et ux., 282 Pa. 256. Obviously, we cannot meet that requirement.

It was also said in Massachusetts Bonding & Ins. Co. v. Johnston & Harter, Inc., et al., 343 Pa. 270, where the trial judge awards damages in a large amount, and it does not otherwise appear from the adjudication how he arrived at that amount, the discussion of questions of fact and law should set forth the reasons which motivated him.

Under the circumstances, although we believe it within our power to change or modify or make additional findings, we are seriously hampered and unable to determine the issue of credibility on the naked record. As we have said, it appears that the hearing judge made a compromise finding; that he disbelieved part of plaintiff's testimony, as well as part of defendant's testimony. (The defense was that plaintiff had been overpaid.)

In addition to the above disabilities, we believe that even our findings on the printed record at this stage would not have the weight normally given to a fact finder in an equity case: Dörr v. Leippe et al., 286 Pa. 17; Rutter v. Rutter, 292 Pa. 343.

Since we are of the opinion that the hearing judge's

adjudication was nugatory; that he made a compromise finding, and that the court en banc could not assess the credibility of the witnesses on the printed record, we believe that in the interest of justice, a new trial should be awarded and that the trial date be set as expeditiously as possible.

It is so ordered.