## Edwards, Appellant, *v.* Donley.

72

Argued June 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Daniel H. Shertzer,* for appellant.

*Frank Edward Roda,* with him *Lawrence J. Ruggiano,* and *Roda, Morgan, Hallgren and Heinly,* for appellee.

OPINION BY CERCONE, J., November 16, 1972:

Plaintiff appeals from the granting of a new trial in this case in which the jury returned a verdict in his favor in the sum of $22,500. The trial court granted a new trial on the ground that it had erred in admitting certain medical bills into evidence. We do not agree that a new trial is necessary.[1]

In the course of the trial, a stipulation was entered into between counsel for the parties with approval of the court. The colloquy relating to the stipulation is as follows: "Q. (by plaintiff's counsel) Have you had certain medical expenses as a result—THE COURT: Can't you stipulate on those? or can't you? (At this time an off the record discussion took place at the side bar.) THE COURT: *It is stipulated that the bills that are about to be stated were incurred. The right is reserved for the defense counsel to question the completeness of the bills and the reasonableness of the bills.* MR. SHERTZER: (plaintiff's attorney) They are doctor, hospital, allied surgical, and build-up of shoe, totaling $3,143.34." (Emphasis added)

We interpret this stipulation to mean that the relevancy of the medical bills to the cause of action being tried was not left open to question but that the completeness and reasonableness of the bills were reserved for questioning by defense counsel. In other words, by virtue of the stipulation, plaintiff was relieved of his burden of proving relevancy, reasonableness and com-

---

[1]See *Burrell v. Philadelphia Electric Company,* 438 Pa. 286 (1970); *Austin v. Ridge,* 435 Pa. 1, 4 (1969) (appellate review of lower court's granting of a new trial).

pleteness but defendant could question completeness and reasonableness.

Not only does the content of the stipulation lead to this interpretation, but the action of the parties and of the court clearly reveals such interpretation was the actual intendment of the parties.[2] Plaintiff's counsel placed the medical bills into evidence without proof of reasonableness or relevancy. Defense counsel made no objection at the time of such introduction of the bills. It was not until the close of plaintiff's case, after plaintiff's medical witness had left the courtroom, that defendant raised his objection to the introduction of some of the medical bills "on the ground that the plaintiff has not proved the reasonableness and fairness of the bills, nor that they were necessary as a result of this accident."

The trial court overruled this objection and in doing so demonstrated its interpretation of the stipulation as relieving plaintiff from his duty of such proof. The trial court also announced to the jury that in accordance with the stipulation the medical bills had been incurred by plaintiff, the court again demonstrating its understanding that the parties had agreed that the medical bills were for injuries incurred by plaintiff in the accident involved in this case.

We hold the trial court properly overruled defendant's objection to the plaintiff's introduction of the medical bills and that it committed no error requiring the grant of a new trial. The stipulation entered into between the parties was valid and binding on them and on the basis of that stipulation, the court was required to admit the bills into evidence: *Starner v. Wirth,* 440

---

[2] In addition to a study of its content, the stipulation must be looked at in the light of the surrounding circumstances and record of the trial: *Foote v. Maryland Casualty Company,* 409 Pa. 307, 313 (1962) ; 83 C.J.S. Stipulations, §11, p. 29.

Pa. 177 (1970); *Commonwealth ex rel. Romanowicz v. Romanowicz,* 213 Pa. Superior Ct. 382 (1968); *Shank Estate,* 399 Pa. 656 (1960); *Minner v. Pittsburgh,* 363 Pa. 199 (1949).

Defendant had reserved the right "to question the completeness of the bills and the reasonableness of the bills" but merely objecting to the introduction of the bills did not constitute an exercise of the right so reserved.

The judgment of the lower court is reversed.

JACOBS and SPAULDING, JJ., dissent.