**Bitler Estate**

*John M. Kuchka,* for Phyllis Bitler Low.
*Cleveland C. Hummel,* for William D. Bitler.

MYERS, P. J., January 17, 1974.—Jennie V. Bitler (hereinafter called decedent) died testate on August

1, 1972, a resident of Main Township, Columbia County, Pa.

The material facts of the case are not in controversy. However, the legal interpretation of decedent's will poses three basic questions, which are contested by decedent's devisees, i.e., her son, William D. Bitler, and daughter, Phyllis Bitler Low.

The first issue is raised by the son's claim to the family exemption of $1,500. Relevant portions of the applicable statute relating to family exemptions provide that:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, and in the event there are no such children, then the parent or parents of the decedent as are members of the same household as the decedent, may retain or claim as an exemption, either real or personal property or both, not theretofore sold by the personal representative, to the value of $1,500". Probate, Estates and Fiduciaries Code of June 30, 1972 (no. 164), 20 Pa. S. §3121.

The son is married and a career man in the military service. He has always maintained decedent's residence address as his permanent domicile of record, but he has lived wherever assigned by the military. When on temporary leaves or furloughs, the son has spent many of these periods at decedent's residence in Main Township. He has also made repairs and capital improvements to this real estate of decedent. In her will, decedent devised this real estate to her son.

Courts have held that neither the age, marital status nor dependency of the child has any bearing

on the right to the family exemption (see Niedzielski Estate, 4 D. & C. 2d 290) nor is the question as to who is the technical head of the household necessarily pertinent. See Zappardino Estate, 33 D. & C. 2d 117.

However, the crucial test is whether or not the child is a "member of the same household as the decedent." See Shank Estate, 399 Pa. 656.

The term "household" is defined in Webster's New International Dictionary as follows:

"Those who dwell under the same roof and compose a family; a domestic establishment; family."

This definition indicates that "household" means a family residing together in one dwelling, using common living quarters and facilities under such domestic arrangements and circumstances as create a single-family unit or establishment. See Niedzielski Estate, supra.

Using the above definition, we do not believe the facts of this case establish a single-family unit between decedent and her son, especially since the son would presumably spend just 30 days or so per year with decedent during the period of his furloughs from the military. Since the evidence before us does not establish the fact that the son and decedent were members of the same household at her death, the son's claim for the family exemption allowance is hereby denied.

The second issue is raised by the fact that decedent's will does not specify the source of payment for Pennsylvania inheritance taxes. Payment of Pennsylvania transfer inheritance tax is mandated by law as set forth in section 718 of the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P. L. 373, as amended, 72 PS §2485.718. Section 718 provides as follows:

"Source of payment.

"A. Outright Devises and Bequests.—In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property which passes by will absolutely and in fee, shall be paid out of property forming a part of the residuary estate.

". . .

"C. Other Transfers . . . except as provided in subsections (a) . . . the ultimate liability for inheritance tax imposed by this act shall be upon each transferee."

Thus, if there is no residuary estate, section 718(c) becomes applicable, and the individuals receiving the legacy are obligated to pay the taxes thereon. However, if there is a residuary estate, it must bear the burden of administration expenses and inheritance taxes, unless the will provides otherwise. See Krogman Estate, 40 D. & C. 2d 462.

Therefore, it becomes incumbent upon the court to examine and interpret the language of decedent's will to determine whether or not its terminology creates a residuary estate. The pertinent portion of the will relating thereto is set forth in paragraph fourth of the will, which reads, in part, as follows:

". . . I give and devise all of my right, title and interest in and to my real estate or any real estate of which I have a right to dispose, to William D. Bitler, whose permanent military address is the same as mine; and I give and bequeath all of my personal property which is the rest, residue and remainder of my estate, subject to the specific charges against my bank account (funeral expenses) . . . to Phyllis Bitler Low, of North Center Township, Columbia County, Pennsylvania."

Since interpretation of a will is, in a sense, an inter-

pretation of what the testatrix did *not* say, we must first fully analyze what the testatrix *did* say. (italics supplied) See Ross Estate, 42 D. & C. 2d 198. By this method, we are endeavoring to ascertain decedent's true or actual intent. Intent may be inferred from a consideration of all the language contained in the four corners of the will, the plan of distribution, and the circumstances existing when the will was made. See Krogman Estate, supra.

We should point out that the language of this will would seem to indicate that it was written by a layman familiar with some technical legal terminology. However, it appears to be clear that the will was not written by an attorney.

This raises the all too familiar problem of a will being written by one who is not fully trained in the law. So often such a will contains ambiguities or omissions which, in turn, result in costly litigation for the beneficiaries of the decedent's estate. The proponents of "do it yourself probate" seem to lose sight of this fact. The phrase "a little bit of learning can be a dangerous thing" is nowhere more appropriate than in the field of will drafting.

As to the question of whether or not the will contains a residuary provision, the daughter argues that the phrase "rest, residue and remainder" which follows and modifies the devise of personal property to her, should not be construed according to its technical meaning. She cites as a basis for this premise the fact that the will was prepared by a non-lawyer. The daughter contends that the language of the will indicates that the devise of the real estate to the son, and the devise of the personal property to her, were both specific bequests. She, therefore, argues that each should pay its pro-rata share of the Pennsylvania transfer inheritance tax. We disagree.

We cannot ignore the express words "rest, residue and remainder," which appear in the devise of personal property. They must be given their ordinary meaning.

Furthermore, while the real estate in this case is represented by one specific piece of property, the personal property is made up of numerous items, i.e., a checking account, savings account, cash, household goods and furnishings, and miscellaneous items. Thus, in this situation "personal property" becomes a generalized term which, in effect, lumps together everything that is not real estate.

A specific devise is a gift of a specific thing or of some particular portion of the decedent's estate. A general devise carries with it no particular words of identification.

Under these circumstances, we interpret the devise of the real estate to the son to be a specific devise and the devise of the personal property to the daughter to be a general devise.

It should be noted that, in effect, the requirement that a devisee must pay his share of inheritance taxes applicable to the legacy is equivalent to a partial abatement of the same. In the case of a cash bequest, it is easy enough for the devisee to discharge his tax obligation by using a portion of the cash bequest in payment thereof. However, where specifically devised property is involved, the specific devisee may have to sell the property devised in order to discharge the applicable tax burden, unless the devisee has sufficient other assets in order to discharge that burden. To interpret a will in a manner which may require the specific devisee to sell the very item devised to him by decedent is something the court is reluctant to do in the absence of a clear statement by decedent or

a statute requiring such interpretation. This principle is especially true in the case of real estate.

Under the facts of this case, the court is not persuaded that decedent intended to subject the devise of the real estate to the son to the payment of Pennsylvania transfer inheritance tax. Accordingly, it is our conclusion that this devise of real estate passes free and clear of Pennsylvania transfer inheritance tax, and that said tax shall be paid from the residuary personal estate.

Finally, the daughter argues that the debts of decedent and the costs of administration should be paid proportionally by the two devisees. The daughter endeavors to substantiate this contention by reference to the fact that decedent specified that funeral expenses should be charged against the bank account, which is a part of the personal property estate. From this fact, the daughter asks the court to draw the inference that decedent intended all other debts and costs of administration to be shared proportionally between the two devisees.

It is fundamental that the personal property of decedent is primarily liable for the payment of debts and costs of administration, unless a contrary intent is expressed in the will. See Krogman Estate, supra, and Raibeck Estate, 34 Northumb. L. J. 128.

It should be noted that decedent instructed that her funeral expenses be paid out of her "bank account." Since decedent's bank account is only a portion of her personal property, we will not be persuaded that such indicates an intent that the payment of her debts and costs of administration be pro-rated between the two devisees. We, therefore, conclude that the daughter has failed to sustain her burden of proving that decedent's will expressed an intent contrary to the

general rule, the general rule being that the personal property is primarily liable for debts and costs of administration.

Therefore, without further comment, we make the following:

### ORDER OF COURT

And now, to wit, January 17, 1974, it is ordered and decreed as follows:

(1) That the claim of William D. Bitler for the family exemption allowance is denied; and

(2) That the Pennsylvania transfer inheritance tax, debts and costs of administration for the entire estate shall be paid from the personal property devised to Phyllis Bitler Low.