406 A.2d 1379

**In the Matter of the ESTATE OF Gary W. OTTENI, Deceased.**

**Appeal of Bonny Beth OTTENI.**

Supreme Court of Pennsylvania.

Submitted Sept. 17, 1979.

Decided Oct. 23, 1979.

William T. Jorden, McClure, Dart, Miller, Kelleher & White, Erie, for appellant.

James D. McDonald, Jr., Quinn, Gent, Buseck & Leemhuis, Inc., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a decree of the Court of Common Pleas of Erie County, Orphans' Court Division. The decree ordered the payment of a family exemption pursuant to 20 Pa.C.S.A. § 3121 to Marjorie A. Viera, the mother of the

decedent Gary W. Otteni.* The facts as found by the orphans' court support the granting of the exemption and, accordingly, the decree is affirmed.

Decedent's executrix, his surviving spouse, stipulated that she had forfeited her right to the exemption and that there were no children of the marriage. The only issue concerning the mother's entitlement to the exemption, therefore, was whether decedent and his mother were members of the same household at the time of decedent's death.

The orphans' court judge heard extensive testimony on this question and originally refused to grant the exemption. Written exceptions were filed and the same judge, upon reconsideration, sustained the exceptions. Competent evidence showed that during the last months of his life the decedent had his own room in his mother's house, took most of his meals there and slept there most nights. The judge found that during this period the decedent "spent the vast majority of his time with his mother and her husband in a family relationship," and concluded that they "were members of the same household at the time of the decedent's death . . .." Because the orphans' court judge's findings are supported by adequate and competent evidence they are controlling on our review. *McCrea Estate,* 475 Pa. 383, 386–87, 380 A.2d 773, 775 (1977).

These findings easily fit within our definition of "household" for purposes of the family exemption: "a family residing together in one dwelling using common living quarters and facilities under such domestic arrangements and circumstances, as create a single family unit or establishment." *Shank Estate,* 399 Pa. 656, 658, 161 A.2d 47, 48 (1960), quoting *Niedzielski Estate,* 4 Pa.D. & C.2d 290, 292

* 20 Pa.C.S.A. § 3121 provides in relevant part:
  "The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as are members of the same household as the decedent, and in the event there are no such children, then the parent or parents of the decedent who are members of the same household as the decedent, may retain or claim as an exemption either real or personal property, or both, not theretofore sold by the personal representative, to the value of $2,000 . . .."

**634**

(1955) (Erie Co. Orph.Ct.).  The orphans' court properly granted the exemption to decedent's mother.

The decree of the orphans' court is affirmed.  Each party to pay own costs.