# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

NFI Industries, : 
                Petitioner :
: No. 1501 C.D. 2024
              v. :
: Submitted: February 4, 2026
Fritz Raymond, Jr. (Workers' :
Compensation Appeal Board), :
              Respondent :

BEFORE: HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                          **FILED: March 19, 2026**

      NFI Industries (Employer) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), entered October 8, 2024, which affirmed as modified the decision of the Workers' Compensation Judge (WCJ) in favor of Fritz Raymond, Jr. (Claimant). On appeal, Employer contends that the WCJ erred in relying on medical reports in awarding workers' compensation benefits because the reports were admitted only for a limited purpose. We vacate and remand.

## I. BACKGROUND[1]

      Claimant was working as a forklift driver for Employer when he injured

---

[1] Unless otherwise stated, we state the background based on the WCJ's and Board's decisions, which are supported by substantial evidence, and in the light most favorable to Claimant as the prevailing party. *Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill)*, 975 A.2d 577, 583 (Pa. 2009) (*Cinram*).

a finger on his left hand. Claimant returned to light-duty work (sweeping the warehouse) for two shifts and then returned to regular-duty work, when he injured his finger again. An urgent care facility treated Claimant's wound and cleared Claimant for light-duty work that did not require using his left hand for grasping.

Employer verbally offered Claimant light-duty work, which Claimant acknowledged. Claimant, however, never returned to work. After several weeks passed without communication, Employer fired Claimant for abandoning his job.

Claimant filed a claim petition seeking temporary total disability benefits. Employer filed an answer admitting that Claimant had injured his finger and accepted liability for medical expenses via a medical-only notice of temporary compensation payable. Simply, Employer accepted liability for the injury without admitting that Claimant lost wages due to his injury, *i.e.*, was "disabled" in workers' compensation parlance.

Because the parties disputed the details of the offer for light-duty work, the parties introduced their respective medical records to establish Claimant's injury. N.T., 5/17/23, at 12. Claimant's doctor, Dr. Todd Kelman, diagnosed Claimant with a finger injury in July 2022. In February 2023, Dr. Kelman submitted a second report, which indicated that Claimant had developed "new symptoms" including, simply, elbow pain, and could *only* use his right hand for work.[2] Ex. C-3. The independent medical examiner (IME), Dr. Gregory Menio, opined that Claimant had *limited* use of his left hand that would prohibit full-duty work.

At the WCJ hearing, the parties discussed the admission of Dr. Kelman's medical reports, specifically the February 2023 report. Claimant's counsel explained that he was offering the reports "to show the consistency between" the

---

[2] Precisely, pain at the "lateral epicondyle," also known as "tennis elbow." *See Lawhorne v. Lutron Elecs. Co.*, 284 A.3d 239, 242 (Pa. Cmwlth. 2022).

reports of Dr. Kelman and the IME. N.T., 5/17/23, at 11.[3] Claimant's counsel reiterated, in reference to Dr. Kelman's February 2023 medical report: "At this time, I'm *not* trying to add the elbow. I just thought it was a relevant part of the information." *Id.* at 13 (emphasis added). Claimant's counsel recognized that he might have to file a review petition if the elbow injury lingered.[4]

Because Dr. Kelman's February 2023 report added Claimant's elbow to the initial finger injury, Employer's counsel expressed concern. Specifically, Employer's counsel was concerned that Claimant would use the report to establish that he could no longer perform the offered light-duty work that would require use of both hands. *Id.* at 14.[5] Claimant's counsel sought to assuage this concern: "That is not the reason we were offering those reports." *Id.* at 15.

The WCJ questioned the parties at length regarding the reports. *Id.* at 15-16. Employer's counsel reiterated that "for today's hearing and for the litigation, that if the purpose of that was to establish medically, that he was only able to work with his right hand such that he couldn't do the job that was offered, then I would be objecting to it." *Id.* at 16. Employer's counsel stated that it "sounds like [Claimant's counsel] is not offering it for that purpose and [there] remains an agreement that Claimant was medically able to perform the job that was offered." *Id.* at 17.

---

[3] Specifically: "They're really only being offered to show the consistency between the two. I don't believe Dr. Kelman's diagnosis is different. It's worded differently, but I think they're basically the same diagnosis." N.T., 5/17/23, at 11.

[4] To modify the notice of compensation payable to include "subsequently-arising" or "consequential" injuries, a claimant may file a petition to review the notice of compensation payable. *Cinram*, 975 A.2d at 580-81.

[5] To be exact: "The only thing I'm trying to clarify is that . . . an argument is not going to be made that the job that was offered falls outside of his restriction. If that argument is going to be made, then you need to take medical, because that wasn't the agreement that we previously had. The agreement that we previously had was that whether or not the job was legally appropriate or whether Claimant had a basis to reject it, and not that he was physically incapable of performing what was offered." N.T., 5/17/23, at 14.

3

Claimant's counsel agreed: "There's an agreement that he was released to light work and not just one-handed work. I agree with that. That's been my position the whole time." *Id.* The WCJ then admitted Dr. Kelman's reports subject to counsels' agreement. *Id.* at 22 (reflecting Employer's counsel's statement of "No objections based upon our discussion").

The WCJ's decision, however, did not honor counsels' agreement. The WCJ held that Claimant's work injury now included his elbow pain and no evidence existed that Employer provided work appropriate to Claimant's revised injury. WCJ Op., 12/18/23, at 11-12. The WCJ thus granted Claimant's claim petition and awarded temporary total disability benefits. *Id.* at 14.

Both parties appealed, and the Board modified and affirmed the WCJ's opinion. In relevant part, the Board stated that Dr. Kelman's reports were "admitted without objection" and held that the evidence was sufficient to support an award of benefits. Bd. Op. at 7-8. The Board, however, modified the award of benefits to expire one year from the date of Claimant's injury. *Id.* at 8-9. Employer timely appealed to this Court.

## II. ISSUE

Employer contends that the WCJ and Board erred by relying on Dr. Kelman's medical reports because Claimant's counsel expressly disclaimed using them to establish an elbow injury. Emp.'s Br. at 4, 8.

## III. DISCUSSION[6]

In support, Employer argues that the WCJ relied on Dr. Kelman's

---

[6] "Under the appellate standard of review pertaining to administrative agency adjudications, agency findings are subject to judicial review to assure that they are supported by substantial evidence. Substantial evidence is evidence which a reasonable mind would accept as adequate to support a conclusion." *Cinram*, 975 A.2d at 583 (citations omitted). We may rely on nonconflicting caselaw predating the promulgation of the Rules of Evidence. *Commonwealth v.*

reports to make substantive findings of fact, despite the parties' agreement that the reports were admitted for a limited purpose only. *Id.* at 10-11. Employer alternatively argues that Dr. Kelman's reports constituted uncorroborated hearsay insufficient to support the WCJ's findings. *Id.* at 18-19.[7]

Typically, agencies are not "bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received." 2 Pa.C.S. § 505. But evidence admitted for a limited purpose cannot support findings beyond that stated purpose. Our Supreme Court has applied that evidentiary principle in workers' compensation proceedings. *Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906 (Pa. 2002) (*Snizaski*). The *Snizaski* claimant offered a police officer's accident report into evidence "solely to establish the approximate time of the accident" and not for the truth of the officer's substantive conclusions. *Id.* at 914-15. *Snizaski* held that because the claimant "never manifested an adoption or belief in its truth" as to the substantive statements, the report could not independently support findings regarding the claimant's alleged violations of law. *Id.* at 915.[8]

Similarly, when parties agree to limit use of the evidence to a single stated purpose, the tribunal may not make findings outside the scope of that agreement. *George v. Commonwealth*, 453 A.2d 717, 718 (Pa. Cmwlth. 1982); *Edwards v. Donley*, 297 A.2d 149, 150 (Pa. Super. 1972). In *George*, the parties agreed, via stipulation, that a condemnation resulted in certain acreage being landlocked. *See George*, 453 A.2d at 718. Notwithstanding the stipulation, the trial

---

*Aikens*, 990 A.2d 1181, 1185 n.2 (Pa. Super. 2010); *see also Penncrest Sch. Dist. v. Cagle*, 293 A.3d 783, 786 n.2 (Pa. Cmwlth. 2023) (*en banc*) (permitting citation to Superior Court caselaw for its persuasive value).

[7] Claimant did not file an appellate brief.

[8] *See also* Pa.R.E. 105 (providing that when a court admits evidence for one purpose but not another, "the court, on timely request, must restrict the evidence to its proper scope").

court instructed the jury to determine whether the acreage was landlocked. *Id.* The jury found adverse to the condemnees, who unsuccessfully moved for a new trial. *Id.* at 717. This Court reversed, holding that the parties "by stipulation, removed this factual determination from the province of the jury." *Id.* at 719. The condemnees had reasonably relied on the stipulation and, therefore, had no opportunity to present evidence disputing a stipulated fact. *Id.*[9]

In *Edwards*, the parties had stipulated that the plaintiff did not have to prove the relevance of medical bills. *Edwards*, 297 A.2d at 150. The defendant objected to the introduction of some bills as irrelevant. *Id.* at 151 (stating the defendant's objection that the plaintiff failed to prove the bills "were necessary as a result of this accident" (citation modified)). The court overruled the objection based on the parties' stipulation. *Id.* But the court granted a new trial, reasoning it had erred by admitting the bills. *Edwards* reversed: the "stipulation entered into between the parties was valid and binding on them and on the basis of that stipulation, the court was required to admit the bills into evidence." *Id.* (citation modified).

In sum, if (1) the parties stipulate or otherwise agree that certain evidence may be used only for a limited purpose and (2) the opposing party relies on that limitation in presenting its case, then (3) the tribunal may not thereafter disregard the parties' agreement or consider the evidence beyond the scope of that agreement. *See George*, 453 A.2d at 719; *Edwards*, 297 A.2d at 150. The party that offered evidence cannot benefit if the tribunal violates the parties' agreement. *See George*, 453 A.2d at 719; *Edwards*, 297 A.2d at 150.

Instantly, the WCJ erred by relying on Dr. Kelman's reports beyond the

---

[9] *Cf. Pa. Labor Rels. Bd. v. Venango/Clarion Mental Health Ctr., Inc.*, 415 A.2d 1259, 1261 (Pa. Cmwlth. 1980) ("The stipulation really amounted to an admission by the parties, and an admission is admissible in any court as evidence.").

limited purpose for which they were admitted under the parties' agreement. The parties' agreement is analogous to the stipulations in *Edwards* and *George*. In *Edwards*, the trial court had initially honored the parties' stipulation but then granted a new trial, reasoning it had erred by admitting the evidence. *See Edwards*, 297 A.2d at 150. In *George*, the stipulation removed a factual determination from the jury's province. *See George*, 453 A.2d at 719. Here, the parties' agreement removed Claimant's elbow condition from the WCJ's consideration. The WCJ's error parallels the errors in *George* and *Edwards* because the WCJ used the reports to find an elbow injury despite the parties' agreement. *See id.*; *Edwards*, 297 A.2d at 150.

So, the WCJ erred by using evidence beyond the stated purpose of the parties' agreement. *Cf. Snizaski*, 807 A.2d at 915 (holding that evidence offered for a limited purpose cannot support findings beyond that purpose). Employer, like the *George* condemnees and the *Edwards* plaintiff, reasonably relied on the limited purpose for admitting Dr. Kelman's records and had no opportunity to present evidence on an issue the parties agreed was not before the WCJ. *See George*, 453 A.2d at 719; *Edwards*, 297 A.2d at 150. The Board compounded the error by characterizing the reports as "admitted without objection" without acknowledging the conditional basis for that non-objection. Claimant cannot benefit from the WCJ's disregard of the parties' agreement. Because we vacate on this ground, we do not reach Employer's alternative argument. *See generally Chester Residents Concerned for Quality Living v. Dep't of Env't Res.*, 668 A.2d 110, 113 (Pa. 1995) (explaining that because it reversed on one issue, it need not address the remaining issues).

## IV. CONCLUSION

For these reasons, we vacate the Board's adjudication and remand with instructions that it remand to the WCJ for the issuance of new findings of fact and

7

conclusions of law.  On remand, the WCJ must resolve the claim petition in light of the parties' agreement limiting the use of Dr. Kelman's report.


_____
**LORI A. DUMAS, Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| NFI Industries, | : | |
| Petitioner | : | |
| | : | No. 1501 C.D. 2024 |
| v. | : | |
| | : | |
| Fritz Raymond, Jr. (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 19th day of March, 2026, we VACATE the order of the Workers' Compensation Appeal Board, entered October 8, 2024, and REMAND with instructions that it REMAND to the Workers' Compensation Judge to issue new findings of fact and conclusions of law and, in particular, to address the claim petition filed by Respondent in light of the parties' agreement limiting use of the medical reports submitted by Dr. Todd Kelman.

Jurisdiction relinquished.

 

**LORI A. DUMAS, Judge**